[No. 25556–8–I. Division One. April 23, 1990.]

*In the Matter of the Sentence of*
BRADLEY DUANE LUND.

*Kenneth O. Eikenberry, Attorney General,* and *John M. Jones, Assistant; Norm Maleng, Prosecuting Attorney,* and *Patricia Hall Clark, Deputy,* for petitioner.

*David Hirsch* of *Seattle–King County Public Defender Association,* for Lund.

PER CURIAM.—The Department of Corrections has filed a "Post Sentence Petition" pursuant to RCW 9.94A.210(7) seeking review of the sentence entered following Bradley Duane Lund's conviction of two counts of indecent liberties in King County cause 88-1-04522-1.[1] The Department alleges that Lund was improperly sentenced to a 1–year term of community placement on the two counts of indecent liberties. The Department argues that the sentencing judge erred in finding that Lund qualified for community placement. The State of Washington has filed a response in which it concurs with the position of the Department. Lund also "joins" in the petition of the Department. We have independently reviewed the matter and agree that the community placement condition of Lund's sentence is improper.

RCW 9.94A.120(8)(b) provides:

> When a court sentences a person to a term of total confinement to the custody of the department of corrections for an offense categorized as a sex offense, a serious violent offense, assault in the second degree, any crime against a person where it is determined in accordance with RCW 9.94A.125 that the defendant or an accomplice was armed with a deadly weapon at the time of commission, or any felony offense under chapter

---

[1]RCW 9.94A.210(7) reads:

"The department may petition for a review of a sentence committing an offender to the custody or jurisdiction of the department. The review shall be limited to errors of law. Such petition shall be filed with the court of appeals no later than ninety days after the department has actual knowledge of terms of the sentence. The petition shall include a certification by the department that all reasonable efforts to resolve the dispute at the superior court level have been exhausted."

69.50 or 69.52 RCW, committed on or after July 1, 1988, unless a condition is waived by the court, the sentence shall include, in addition to the other terms of the sentence, a one–year term of community placement . . .

According to the plain language of the statute, a court cannot impose a 1–year term of community placement as a condition of the sentence unless the offenses specified in the statute were committed on or after July 1, 1988.

In this case, Lund was charged with committing one count of indecent liberties on February 21, 1987, and the other count between September 1, 1986, and July 1, 1987. Since Lund was charged with committing the sex offenses *before* July 1, 1988, it was error to impose a term of community placement as a condition of Lund's determinate sentence. Accordingly, the community placement condition of Lund's sentence is vacated.

Based upon representations that other inmates may be subject to the same improper conditions of sentence, this decision will be published in order to facilitate the resolution of any dispute that may arise at the superior court level as required by RCW 9.94A.210(7).