[Nos. 24888–0–I; 25378–6–I.  Division One.  September 17, 1990.]

*In the Matter of the Sentence of*
LESLIE NORMAN CHATMAN.

Kenneth O. Eikenberry, Attorney General, and John M. Jones, Assistant, for petitioner.

Leslie Norman Chatman, pro se, and Jesse W. Barton of Washington Appellate Defender Association, for respondent.

Norm Maleng, Prosecuting Attorney,. and Donna Wise, Deputy.

SWANSON, J.—Pursuant to RCW 9.94A.210(7), the Washington State Department of Corrections (Department) has filed two "postsentence petitions" challenging exceptional sentences imposed following separate guilty pleas by respondent Leslie Chatman. The Department maintains that the trial court lacked authority to impose certain conditions on Chatman's sentences.

On May 4, 1989, respondent Chatman pleaded guilty to second degree burglary (King County cause 89–1–02233–4). The presumptive standard sentence range was calculated to be 43 to 57 months.

Based on findings that Chatman was chemically dependent and addicted to drugs, that Chatman's dependency substantially contributed to the commission of his current offense, that incarceration would not prevent the commission of further crimes unless Chatman received adequate treatment, that the standard range did not provide any drug treatment, that society would be better protected if Chatman were placed in an in–patient drug treatment program, and that because Chatman was addicted to cocaine and heroin, his use of each drug was not voluntary, the trial

court concluded that there were substantial and compelling reasons justifying an exceptional sentence outside the standard range.

The trial court then imposed a sentence committing Chatman to the Department of Corrections for 57 months, with 33 months suspended on the following conditions:

1. That Chatman serve 24 months in the Department of Corrections, with no "good time" or early release credit for this period; Chatman was not to be placed on work release during this period;

2. That at the conclusion of the 24–month commitment, Chatman be transferred "directly" to an in–patient drug treatment program for a period "no less than 9 to 12 months minimum";

3. That the Department "absolutely not release Mr. Chatman to anything less than a structured inpatient drug treatment" and facilitate a "bed date" for Chatman by transporting him to the King County Jail after 22 months of the sentence;

4. That after completing the in–patient drug treatment program, Chatman be placed on community supervision for 24 months;

5. That upon successful completion of the 24–month community supervision and any required follow–up treatment, the suspended sentence be terminated;

6. That if he failed to comply with any of the conditions of the treatment program, Chatman be returned to the Department of Corrections to serve the remaining 33 months of the sentence; under these circumstances, Chatman was to be granted "good time" for all time served in jail, but was not to be given credit for any time served in the in–patient program.

On August 30, 1989, Curt Snyder, a correctional records manager for the Department of Corrections, wrote to the trial judge regarding Chatman's sentence, stating that the SRA did not provide for suspending a portion of an inmate's sentence. On September 5, 1989, the trial judge

wrote Snyder: "If I lack the power to sentence in the fashion I have chosen, pursuant to an Exceptional Sentence, I guess I will need to be so informed by an appellate court."

Following receipt of the trial judge's letter, the Department referred the matter to its counsel in the Attorney General's Office. On September 20, 1989, counsel for the Department wrote to the trial judge identifying several additional "problems" with Chatman's sentence. The letter stated that the Department anticipated filing a postsentence petition pursuant to RCW 9.94A.210(7) and, as statutorily required, was attempting "to first contact the sentencing court [and] administratively resolve any perceived sentencing errors." Apparently, the trial court did not respond to this letter, and the Department filed a postsentence petition in this court on October 4, 1989.

On September 27, 1989, respondent Chatman pleaded guilty to a second charge of second degree burglary (King County cause 89-1-04740-0). At sentencing, which occurred on November 11, 1989, the trial judge imposed a term of 49 months, with 33 months suspended under conditions identical to those set forth above in connection with Chatman's first sentence. The second sentence, which was to run concurrently with Chatman's first sentence, was structured so that the initial incarceration periods ended at the same time and that, if Chatman failed to satisfy the requirements of community supervision, the same period remained to be served.

On December 14, 1989, counsel for the Department wrote a letter to the trial judge identifying essentially the same "concerns" regarding Chatman's second sentence as those discussed above. No response was received. On January 2, 1990, the Department filed a second postsentence petition in this court. The two petitions have been consolidated.

The Department challenges Chatman's sentences pursuant to RCW 9.94A.210(7), which provides:

> The department may petition for a review of a sentence committing an offender to the custody or jurisdiction of the department. The review shall be limited to errors of law. Such

petition shall be filed with the court of appeals no later than ninety days after the department has actual knowledge of terms of the sentence. The petition shall include a certification by the department that all reasonable efforts to resolve the dispute at the superior court level have been exhausted.

Laws of 1989, ch. 214, § 1.[1] *See In re Lund,* 57 Wn. App. 668, 789 P.2d 325 (1990).

The parties agree that the trial court lacked authority to impose certain conditions on Chatman's sentences. After independently reviewing the issues, we concur. Consequently, we remand for resentencing.

■ First, the trial court lacked authority to suspend Chatman's sentence. With one exception not relevant here, the SRA has abolished the suspending and deferring of sentences. *State v. Shove,* 113 Wn.2d 83, 90, 776 P.2d 132 (1989); *see also* RCW 9.94A.130.

■ Second, the trial court lacked authority to order community supervision. Community supervision is authorized only for first–time offenders and for sentences of 1 year or less. RCW 9.94A.030(4), (7); RCW 9.94A.383. Here, Chatman was not a first–time offender and was not sentenced to confinement of 1 year or less. *See State v. Shove, supra* at 89.

■ Third, the trial court lacked authority to designate the location of Chatman's confinement. "For felons sentenced to more than 1 year, trial courts have no discretion to select the place of confinement." *State v. Bernhard,* 108 Wn.2d 527, 544, 741 P.2d 1 (1987).

■ Fourth, the trial court lacked authority to forbid the reduction of Chatman's sentence by earned early release time during the initial 24–month incarceration period. Chatman is entitled to the reduction of his sentence by earned early release time "in accordance with procedures

---

[1]At oral argument, Chatman withdrew an ex post facto challenge to the Department's petition. Similarly, the Department has withdrawn its challenge to the trial court's reasons for imposing an exceptional sentence. Consequently, we do not address these issues.

that shall be developed and promulgated by the correctional facility in which the offender is confined." RCW 9.94A.150(1).

■ Fifth, the trial court erred in ordering that Chatman be granted "good time" for jail time served in the King County Jail. The SRA currently grants the trial court no authority to grant good time credit. *In re Mota,* 114 Wn.2d 465, 477–78, 788 P.2d 538 (1990); *see also State v. Pepper,* 54 Wn. App. 583, 774 P.2d 557 (1989) (authority to grant good–time credit for presentence jail time for defendant sentenced to the DOC resides in the DOC).

■ Finally, the trial court lacked authority to forbid the crediting of time spent in the in–patient treatment facility. In *State v. Phelan,* 100 Wn.2d 508, 671 P.2d 1212 (1983), our Supreme Court held that equal protection and double jeopardy considerations mandate that the State

> must give a prisoner credit for all jail time in connection with a conviction for which he or she is eventually sentenced to prison. Moreover, the credit must apply to all aspects of the defendant's sentence, including the discretionary minimum term set by the Board of Prison Terms and Paroles.

*Phelan,* at 517. In *In re Knapp,* 102 Wn.2d 466, 687 P.2d 1145 (1984), the court held that equal protection considerations require that time confined in a state mental hospital pursuant to a criminal conviction must be credited to the offender's mandatory maximum and minimum discretionary sentences. *Knapp,* at 467. Although both *Phelan* and *Knapp* involved pre–SRA sentences, the reasoning is applicable to a mandatory in–patient drug treatment program imposed under the SRA. *Cf. State v. Shephard,* 53 Wn. App. 194, 196 n.2, 766 P.2d 467 (1988) (defendant entitled to credit for time spent in in–patient treatment program at Eastern State Hospital).

The sole remaining issue is Chatman's contention that the petitions should be dismissed because the Department has not exhausted all of its superior court remedies. This contention rests on the requirement that the Department, pursuant to its petition, certify that "all reasonable efforts

to resolve the dispute at the superior court level have been exhausted." RCW 9.94A.210(7). Chatman maintains that this provision should be construed to require the Department to file a CrR 7.8(b)(4) motion prior to filing a post-sentence petition.

CrR 7.8(b)(4) provides in pertinent part that

On motion and upon such terms as are just, the court may relieve *a party* from a final judgment . . . for the following reasons:

. . . .

(4) The judgment is void; . . .

(Italics ours.) Chatman has cited no authority indicating that the Department has standing under this provision to challenge the defendant's sentence.

Moreover, one of the purposes clearly underlying enactment of RCW 9.94A.210(7) was to provide an efficient and formal procedure for the Department to challenge an erroneous sentence where such a procedure did not exist before. As noted in the Final Bill Report for HB 1342:

After a judge sentences a defendant, either the state or the defendant may appeal the sentence if either party believes the court exceeded its authority to impose certain provisions of the sentence. However, if neither the state nor the defendant appeals the judgment and sentence, the Department of Corrections may still believe that the judgment is erroneous. The department is then in the position of disregarding the judgment or enforcing what the department believes to be an erroneous sentence. The appellate courts have admonished the department for disregarding sentences and have repeatedly advised the department that the appropriate procedure is to return the defendant to the trial court for resentencing. However, no formal procedure exists to return the defendant to the trial court for resentencing. Additionally, if the trial court declines to resentence the defendant, no formal procedure exists so that the department can challenge the court's sentence in the appellate courts.

Although RCW 9.94A.210(7) requires the Department to undertake "all reasonable efforts" to resolve the dispute at the trial court level, the Legislature did not require formal filing of a petition or motion in the trial court.

In any event, any additional efforts at the trial court level here would have been futile. In response to the initial

objection to Chatman's first sentence, the trial court responded, "If I lack the power to sentence in the fashion I have chosen, pursuant to an Exceptional Sentence, I guess I will need to be so informed by an appellate court." The Department, by letter, subsequently advised the trial court of its objections to the sentencing provisions and of the legal basis for these objections. The Department specifically advised the trial court that it was attempting to resolve the matter prior to filing a postsentence petition. Although the trial court did not respond to the Department's later letters, there is no suggestion that the trial court was not fully informed of the bases for the Department's objections. Nor is there any indication that the trial court was concerned by the manner in which the Department's objections were raised.[2]

In summary, we grant the Department's petitions and remand for resentencing in accordance with this opinion.

COLEMAN, C.J., and FORREST, J., concur.

---

[2]The King County Prosecuting Attorney's Office, which did not seek review of Chatman's sentences, was directed by this court to respond to the Department's petitions. Chatman has moved to strike the Prosecutor's responses, arguing that they effectively served as an appellant's opening brief and that it is unfair to permit the Prosecutor, which did not file a direct appeal, to challenge the sentences indirectly on the "coattails" of the Department's petitions. However, because the Prosecutor's response was directed by this court, premised on the fact that the RCW 9.94A.210(7) procedure is new, no purpose would be served by granting the motion to strike. The three substantive contentions raised by the Prosecutor are points on which Chatman agrees.