[No. 12977–9–II.   Division Two.   April 11, 1991.]

THE STATE OF WASHINGTON, *Respondent*, v. LYLE LEON SKILLMAN, *Appellant*.

*Robert M. Quillian,* for appellant (appointed counsel for appeal).

*Gary P. Burleson, Prosecuting Attorney,* and *Victoria C. Meadows, Deputy,* for respondent.

MORGAN, J.—After the defendant was found guilty of attempted kidnapping in the second degree, the trial court sentenced him to an exceptional sentence of 36 months in prison, followed by 12 months of community placement. On this appeal, the sole remaining issue is whether the trial court had the authority to require, as a condition of an exceptional sentence, that the defendant serve community placement after his release from prison.[1] Holding that it did not, we reverse.

A trial court's sentencing authority is limited to that expressed in the statutes. *In re Carle,* 93 Wn.2d 31, 33, 604 P.2d 1293 (1980); *State v. Theroff,* 33 Wn. App. 741, 744, 657 P.2d 800, *review denied,* 99 Wn.2d 1015 (1983); *In re Lund,* 57 Wn. App. 668, 789 P.2d 325 (1990); *see also State v. Nass,* 76 Wn.2d 368, 370, 456 P.2d 347 (1969). If this were not true, a defendant would not have the opportunity to know in advance the legal consequences of his or her conduct, *see Seattle v. Pullman,* 82 Wn.2d 794, 797, 514 P.2d 1059 (1973) (due process requires fair notice, so that person of ordinary intelligence need not guess at what the law requires); *State v. Shipp,* 93 Wn.2d 510, 516, 610 P.2d 1322 (1980) (same); *In re Williams,* 111 Wn.2d 353, 362–63, 759 P.2d 436 (1988) (ex post facto clause prohibits more severe punishment than was allowed when crime was committed); *State v. Edwards,* 104 Wn.2d 63, 70–71, 701 P.2d

---

[1]The other issues raised by the defendant have been previously decided by the court commissioner.

508 (1985) (same), and the judiciary would be able to intrude into the realm of legislative power, in violation of the doctrine of separation of powers. *Hendrix v. Seattle,* 76 Wn.2d 142, 157, 456 P.2d 696 (1969) (power of Legislature "to define crimes and prescribe punishment is virtually exclusive, nearly unlimited, and leaves practically no correlative power to do the same in the courts"), *cert. denied,* 397 U.S. 948 (1970), *overruled on other grounds in McInturf v. Horton,* 85 Wn.2d 704, 707, 538 P.2d 499 (1975); *State ex rel. Scaggs v. Superior Court,* 169 Wash. 292, 297, 13 P.2d 1086 (1932) (same).

In Washington, the authority to sentence in felony cases is prescribed by the Sentencing Reform Act of 1981 RCW 9.94A (SRA). To understand that authority, it is necessary to distinguish between the nature or elements of a sentence, on the one hand, and its duration, on the other. Under the SRA, the authority to include particular elements as part of a sentence does not vary according to whether the sentence is standard or exceptional. D. Boerner, *Sentencing in Washington* § 9.22(a) (1985). A sentence within either category must be determinate, RCW 9.94A-.120(1) (standard), RCW 9.94A.370(1) (standard), RCW 9.94A.120(3) (exceptional), and a determinate sentence can contain no more than the elements set forth in RCW 9.94A.030(14).[2] In contrast, the authority to set the duration of a sentence, as opposed to its elements, varies according to whether the sentence is standard or exceptional. RCW 9.94A.120(2); D. Boerner, *Sentencing in Washington* § 9.22(a) (1985).

Before 1988, the SRA neither authorized nor required what is now known as community placement, *In re Lund, supra,* and it did not require what it called "community

---

[2]RCW 9.94A.030(14) provides in part: "'Determinate sentence' means a sentence that states with exactitude the number of actual years, months, or days of total confinement, of partial confinement, of community supervision, the number of actual hours or days of community service work, or dollars or terms of a legal financial obligation. . . ."

supervision."[3] It authorized community supervision as an element of first–time offender sentences, RCW 9.94A-.120(5), and as an element of sentences of 1 year or less, RCW 9.94A.383; *In re Chatman,* 59 Wn. App. 258, 262, 796 P.2d 755 (1990), but it did not authorize community supervision as an element of sentences of more than 1 year. *In re Chatman,* at 262.

In 1988, the Legislature enacted RCW 9.94A.120-(8)(a),[4] which for the first time injected the concept of community placement into the SRA. *In re Lund, supra.* That statute required community placement in conjunction with a prison sentence for any of the crimes listed therein. However, it did not require that a trial court impose community placement when sentencing for a crime not listed therein, and it did not authorize or allow community placement in situations where it was not required.[5] Also, it did not authorize community supervision in situations where it had not been authorized before. In summary, then, since

---

[3]RCW 9.94A.030 defined community supervision. It stated in part: "'Community supervision' means a period of time during which a convicted offender is subject to crime–related prohibitions and other sentence conditions imposed pursuant to this chapter by a court. . . ."

[4]RCW 9.94A.120(8)(a) stated:
"When a court sentences a person to a term of total confinement to the custody of the department of corrections for an offense categorized as a sex offense, a serious violent offense, assault in the second degree, any crime against a person where it is determined in accordance with RCW 9.94A.125 that the defendant or an accomplice was armed with a deadly weapon at the time of commission, or any felony offense under chapter 69.50 or 69.52 RCW, committed on or after July 1, 1988, the court shall in addition to the other terms of the sentence, sentence the offender to a one–year term of community placement . . .."

[5]The conclusion that RCW 9.94A.120(8)(a) did not change what was allowed, as opposed to what was required, is consistent with its scant legislative history. The statute's precursor was House Bill 1424, and the House Report on that bill stated, "The Sentencing Reform Act (SRA), which went into effect on July 1, 1984, does not require or permit any community monitoring of [*sic*] person convicted of the above–mentioned crimes if the crime was committed after that effective date." This noted the distinction between what was required and what was permitted, yet when the Legislature enacted RCW 9.94A.120(8)(a), it chose to deal only with what was required.

the inception of the SRA neither community placement nor community supervision has been authorized as an element of a prison sentence, either standard or exceptional, except in those situations where community placement is required by RCW 9.94A.120(8)(a).

*State v. Bernhard,* 108 Wn.2d 527, 741 P.2d 1 (1987) is not to the contrary. In that case, the Supreme Court held that where community supervision was authorized as an element of the sentence, the trial court could impose reasonable conditions of supervision not listed in the authorizing statute. It did not hold that the trial court could include community supervision as an element of a sentence when there was no statutory authority to do so.[6] Thus, the court said "that the power to impose an exceptional community supervision sentence includes authority to name exceptional conditions." *Bernhard,* 108 Wn.2d at 528.

In this case, the offense is attempted kidnapping in the second degree. Because that offense is not one of those listed in RCW 9.94A.120(8)(a), community placement is not required, and for the reasons above, neither community placement nor community supervision is permitted. As a result, the trial court erred by imposing community placement, and the community placement provisions in the judgment and sentence are reversed and stricken. The balance of the judgment remains in effect.

WORSWICK, C.J., and ALEXANDER, J., concur.

---

[6]In *Bernhard,* the trial court had the power to impose community supervision, because it sentenced the offender to a determinate exceptional sentence of less than a year.