[No. 14171-0-II.   Division Two.   September 24, 1991.]

*In the Matter of the Sentence of* GERALD R. HILBORN.

*Kenneth O. Eikenberry, Attorney General,* and *John M. Jones, Assistant,* for petitioner.

*C. Danny Clem, Prosecuting Attorney,* and *Michael B. Savage, Deputy,* for respondent State.

*Eric H. Lind* and *Case & Lind,* for respondent Hilborn.

MORGAN, J. — The Washington State Department of Corrections (DOC) petitions for review of a sentence pursuant to RCW 9.94A.210(7). Because DOC lacks standing, we dismiss the petition.

On May 2, 1990, Gerald R. Hilborn was sentenced for delivery of a controlled substance. His standard range was 31 to 41 months. However, in accordance with the recommendation of a community corrections officer employed by DOC, the trial court imposed an exceptional sentence of 48 months, which it then suspended on certain conditions.

DOC had actual knowledge of the sentence no later than May 8, 1990, when its Bremerton office received a copy. Nevertheless, DOC's counsel did not become aware of it until July 26, 1990, because it was not until that date that a copy was forwarded to him.

DOC's counsel is the one authorized to review the legality of sentences and, if necessary, to seek review by this court pursuant to RCW 9.94A.210(7). At the times relevant here, DOC had a formal procedure to insure that its counsel promptly received and reviewed prison sentences. It had no such procedure for nonprison sentences.

On July 26, 1990, DOC's counsel reviewed the sentence in this case and formed the opinion that it was not authorized by law. On the same day, he wrote to inform the trial court of his conclusion.

Four days later, on July 30, 1990, DOC filed its petition for review with this court. Not surprisingly, no response had yet been received from the trial court. The petition did not include the certification required by RCW 9.94A.210(7), although documents supplying the required information were submitted later. The petition was filed on July 30 because DOC was concerned that it might be deemed to have knowledge of the sentence as of the date of sentencing, and July 30 was the 89th day after sentencing.

The trial court responded to DOC by letter dated August 6, 1990, and again by letter dated August 10, 1990. In both letters, the trial court declined to revise the sentence. One of its grounds was that DOC could not object to the sentence after its own community corrections officer had recommended it.

Defendant contends that regardless of whether his sentence is right or wrong, DOC has no standing to seek review. RCW 9.94A.210(7) provides:

> The department may petition for a review of a sentence committing an offender to the custody or jurisdiction of the department. The review shall be limited to errors of law. Such petition shall be filed with the court of appeals no later than ninety days after the department has actual knowledge of terms of the sentence. The petition shall include a certification by the department that all reasonable efforts to resolve the dispute at the superior court level have been exhausted.

■ RCW 9.94A.210(7) is designed to alleviate the dilemma previously facing DOC: enforcing what it considers to be an unlawful sentence, or ignoring the sentence imposed by the trial court. *In re Chatman*, 59 Wn. App. 258, 264, 796 P.2d 755 (1990). To the extent that it gives DOC the power to seek review when the State's traditional representative, the county prosecutor, chooses not to do so,[1] the statute departs from traditional principles; thus, its requirements should be strictly observed. *Cf. McNeal v. Allen*, 95 Wn.2d 265, 269, 621 P.2d 1285 (1980) (statute in

---

[1] In this case, the prosecutor aligns himself with the trial court and the defendant. His position is that DOC may not seek review of a sentence recommended by its own community corrections officer.

derogation of common law will be strictly construed); *Dean v. McFarland*, 81 Wn.2d 215, 220, 500 P.2d 1244, 74 A.L.R.3d 378 (1972) (same).

By its terms, RCW 9.94A.210(7) requires that DOC file *with the petition* a certification stating that all reasonable efforts to resolve the dispute at the superior court level have been exhausted. It necessarily follows that reasonable efforts to resolve the dispute at the superior court level must *precede* the filing of the petition for review.

This order of events is not an insignificant formality. A trial court may not have jurisdiction to correct a sentence once DOC has filed its petition. *See* RAP 7.2. Assuming without deciding that the trial court has such jurisdiction, asking it to exercise that jurisdiction after a petition has already been filed with the Court of Appeals can be intimidating, offensive, or both, thus diminishing the prospect of resolving the problem at the trial level. DOC can easily avoid these problems by observing the legislative mandate that it make reasonable efforts to correct a sentence *before* it files its petition here.

Under the scheme embodied in RCW 9.94A.210(7), this court is the first tribunal to judge whether there were reasonable efforts to resolve the matter at the trial court level before the petition was filed. That judgment should be based on all the facts and circumstances of the particular case. When it is contended that DOC failed to make reasonable efforts at the trial court level because it failed to allow sufficient time for the trial court to analyze and correct its sentence, one important consideration is that the trial court must normally involve the prosecutor, defendant and defense counsel before it can respond to DOC's efforts.

In this case, DOC failed to make reasonable efforts to resolve the dispute at the superior court level before the petition for review was filed. With DOC mailing its letter to the court on July 26, then filing its petition on July 30, the trial court was simply not given a fair opportunity to analyze DOC's concerns about the sentence, or to make any appropriate corrections before the petition was filed.

A case worth comparing is *In re Chatman, supra.* Before the petition was filed in that case, DOC and the trial court had exchanged views, and it was apparent that further efforts at the trial court level would be futile. 59 Wn. App. at 264-65.

In this case, DOC was not excused from making reasonable efforts before the filing of the petition on the ground that it did not have time to do so and still be sure that the petition was filed within the statutory 90-day period. The legislative scheme set forth in RCW 9.94A.210(7) is premised on the responsible decisionmaker at DOC being informed of each possibly illegal sentence far enough in advance of the expiration of the 90-day filing period so that he or she can make reasonable efforts to resolve the problem at the superior court level. DOC has both the ability and the responsibility to design and implement procedures to see that this occurs. Its failure to do so is what caused the time crunch in this case, and that failure cannot be argued as an excuse for not complying with the statute.

Nor was DOC excused from making reasonable efforts before the filing of the petition on the ground that the trial court later declined to alter the sentence. For the reasons set forth above, it is important that reasonable efforts to correct a possibly erroneous sentence occur before, not after, a petition is filed. Thus, if there has been a failure to make reasonable efforts before the filing of a petition, that failure is not excused by events occurring after the filing. This holding accords with the statute, for it insures that DOC will be able to certify *in the petition* that it has made reasonable efforts to solve the problem at the trial court level.

Because this petition is resolved by what we have already said, we do not consider whether DOC lacks standing because it failed to include a certification in its petition, or because it is estopped from contesting a sentence recommended by its own community corrections officer. Nor do we consider whether the defendant's sentence was lawful. We hold only that because DOC failed to make reasonable

efforts to resolve this matter before it filed its petition, it lacks standing to seek review pursuant to RCW 9.94A-.210(7).

Petition dismissed.

WORSWICK, C.J., and PETRICH, J., concur.

Review denied at 118 Wn.2d 1013 (1992).