FILED
COURT OF APPEALS
DIVISION II

2013 AUG 27 AM 8: 36

STATE OF WASHINGTON

BY_____
                DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                    Respondent,<br><br>v.<br><br>ROBERT C. KINNAMAN,<br><br>                    Appellant. | No. 43159-9-II<br><br><br><br>UNPUBLISHED OPINION |

HUNT, P.J. — Robert C. Kinnaman appeals the trial court's denial of his request to withdraw only the endangerment sentencing enhancement portion of his guilty plea to attempting to elude a pursuing police vehicle. He argues that (1) the trial court erred in imposing a sentencing enhancement that was one day less than required by statute, RCW 9.94A.533(11);[1] (2) the endangerment enhancement constituted double jeopardy because the State used the same facts to support the attempted eluding charge; (3) there was no sufficient factual basis in his guilty plea statement to support his endangerment enhancement; and (4) the plea agreement failed to explain accurately the nature of the charge and the consequences of his guilty plea—it failed to state the correct statutory sentence length of one year and one day of confinement required for the endangerment enhancement under RCW 9.94A.533(11). Holding that

---

[1] The legislature amended RCW 9.94A.533 in 2013 and 2012. LAWS OF 2013, ch. 270, § 2; LAWS OF 2012, ch. 42, §3. The amendments did not alter the statute in any way relevant to this case; accordingly, we cite the current version of the statute.

No. 43159-9-II

Kinnaman's guilty plea was involuntary because it stated an incorrect length for the endangerment sentencing enhancement, we reverse the trial court's denial of his request to withdraw his guilty plea and remand to the trial court to vacate Kinnaman's entire guilty plea and for further proceedings.

FACTS

Grays Harbor Deputy Sheriff Kevin Schrader began monitoring traffic after receiving information that Robert C. Kinnaman, who had a warrant out for his arrest, was staying at a nearby trailer park. Schrader followed Kinnaman after he exited the park; but as Schrader's patrol vehicle approached, Kinnaman sped away. Schrader activated his overhead lights; Kinnaman slowed his vehicle and a passenger jumped out of the passenger side of his moving vehicle; Kinnaman ran over the passenger's foot. Thereafter, a high speed chase ensued, ending with Kinnaman's arrest.

The State charged Kinnaman with attempting to elude a pursuing police vehicle, with a special sentencing enhancement allegation that he had endangered one or more persons. Represented by counsel, Kinnaman pleaded guilty to the underlying charge and the special allegation. His statement in support of his guilty plea provided:

> **I Have Been Informed and Fully Understand that:**
> [. . .]
> (b) I am charged with: Attempt to elude a Pursuing Police Vehicle.
> The elements are: [A]n individual driving a motor vehicle drives reckless while having a police motor vehicle properly marked chasing that individual—with the individual threaten physical harm to third persons.

Clerk's Papers (CP) at 4. As to the sentencing enhancements, Kinnaman's statement acknowledged: "**I understand that:** (a) Each crime with which I am charged carries a

2

maximum sentence, a fine, and a *Standard Sentence Range*"; under this section, it also states

that Kinnaman's *enhancement "[a]dds—12 months to sentence."* CP at 5 (emphasis added).

Kinnaman added:

> The judge has asked me to state what I did in my own words that makes me guilty of this crime. This is my statement: On January 10, 2012 I was driving a motor vehicle in GH County in a reckless manner I was being chased by properly marked police motor vehicle - while I was being chased there were individuals put in danger when I was driving recklessly.

CP at 11.

After Kinnaman signed the guilty plea and the accompanying written statement, the

superior court had the following exchange with Kinnaman:

> THE COURT: . . . How do you plead to the charge of attempt to elude a pursuing police vehicle.
> [KINNAMAN]: I plead guilty.
> [. . .]
> THE COURT: All right. And it says it's further alleged—do admit that the State's allegation that one or more persons other than you or the police pursuing police officer were threatened with physical injury or harm by the actions of—of your conduct while committing the crime of attempting to elude a police vehicle—
> [KINNAMAN]: Yes, Your Honor. There was a construction site going on— there was construction going on the highway and I went through the construction site and I guess the individuals that were working, the flaggers were pretty distraught about it.
> [. . .]
> THE COURT: All right.
> [KINNAMAN]: I pled guilty to that, too.
> THE COURT: Okay. All right. And you did sign this then after carefully read— read everything and understood everything?
> [KINNAMAN]: Yes, sir.
> THE COURT: I'll find that you knowingly, intelligently and voluntarily made this plea, that you understand the charge and the consequences of your plea, including the consequences of the enhancing factor and that you are guilty and that there's a factual basis for your plea.

Verbatim Report of Proceedings (VRP) at 12, 13, 14.

Later at sentencing, however, Kinnaman stated, "I'm guilty of the attempt to elude. I am not however guilty of endangerment enhancement. . . . I am now retracting my previous statement on plea of guilty in regard to the enhancement." VRP at 21. Kinnaman argued that he should be allowed to withdraw the sentencing enhancement portion of his guilty plea because "not one witness [had] come forward" stating that he had endangered someone's life. VRP at 22. The superior court denied Kinnaman's request, stressing, "[T]he prosecutor is not required to bring forward witnesses because you admitted to the aggravating situation. That's what a trial is all about." VRP at 22. The superior court imposed a standard range sentence of 18 months for the attempting to elude conviction and 12 months for the endangerment enhancement, resulting in a total confinement of 30 months. Kinnaman appeals.

ANALYSIS

I. GUILTY PLEA

Kinnaman challenges the voluntariness of his appeal because the mandatory sentence for the endangerment enhancement is "12 months [and] 1 day,"[2] but his plea agreement and sentence stated that this enhancement would add only "'12 months.'"[3] Br. of Appellant at 22 (quoting CP at 5). He argues that the sentencing court "lack[ed] authority to impose punishment less than

---

[2] CP at 27.

[3] In contrast, Kinnaman sought to withdraw his guilty plea below based solely on his belief that the State could not prove the endangerment enhancement. But because a defendant gives up constitutional rights by entering into a plea agreement, RAP 2.5(a)(3) allows a defendant to challenge the voluntariness of a guilty plea for the first time on appeal. *State v. Walsh*, 143 Wn.2d 1, 6-7, 17 P.3d 591 (2001).

that authorized by the SRA." Br. of Appellant at 21 (citing *State v. Barber*, 170 Wn.2d 854, 870, 248 P.3d 494 (2011).

The State concedes that there was a "mutual mistake" about the length of the sentencing enhancement, despite the admitted diminutiveness of the error.[4]  Br. of Resp't at 10. Nevertheless, the State argues that we should affirm the trial court's denial of Kinnaman's motion to withdraw his guilty plea judgment and sentence, without citing supporting authority. We assume that where counsel cites no authority, counsel has found none after a diligent search; nor are we required to search for authorities to support the State's argument. *State v. Young*, 89 Wn.2d 613, 625, 574 P.2d 1171 (1978).

Although the one-day sentencing error in the guilty plea statement was minimal, Kinnaman is correct that it undermines the voluntariness of his guilty plea. Accordingly, we hold that he is entitled to withdraw his guilty plea in its entirety, however, not merely the part pertaining to the sentencing enhancement.

### A. Standard of Review

We review for abuse of discretion a superior court's denial of a motion to withdraw a guilty plea. *State v. A.N.J.*, 168 Wn.2d 91, 106, 225 P.3d 956 (2010). The trial court abuses its discretion when it bases its decisions on untenable or unreasonable grounds. *State v. Martinez*, 161 Wn. App. 436, 440, 253 P.3d 445, *review denied*, 172 Wn.2d 1011 (2011). A trial court bases its decision on untenable grounds when it acts without statutory authority by imposing a

---

[4] Although we agree with the dissent that this one-day error is de minimis, in our view the law requires vacation of a guilty plea based on incorrect information about the maximum sentence, regardless of the "size" of the error.

sentence that is contrary to law. *See State v. Paine*, 69 Wn. App. 873, 882-85, 850 P.2d 1369, *review denied*, 122 Wn.2d 1024 (1993).

"The court shall allow a defendant to withdraw the defendant's plea of guilty whenever it appears that the withdrawal is necessary to correct a manifest injustice." CrR 4.2(f); *see also State v. Taylor*, 83 Wn.2d 594, 595, 521 P.2d 699 (1974). Nonexclusive criteria as to what constitutes a manifest injustice include that the plea was involuntary. *State v. Walsh*, 143 Wn.2d 1, 6, 17 P.3d 591 (2001). An involuntary plea is a manifest injustice, permitting withdrawal of the plea at the defendant's request. *State v. Saas*, 118 Wn.2d 37, 42, 820 P.2d 505 (1991).

### B. Voluntariness

Our Supreme Court has clearly held that, where a defendant is misinformed about the sentencing consequences, his plea is involuntary and he is entitled to withdraw it. *Walsh*, 143 Wn.2d at 4, 8-10 (plea agreement involuntary where correct standard range was higher than range stated in plea agreement); *see also State v. Miller*, 110 Wn.2d 528, 536-37, 756 P.2d 122 (1988) (defendant entitled to withdraw guilty plea where both parties unaware of mandatory minimum sentence), *overruled on other grounds by State v. Barber*, 170 Wn.2d at 856. A guilty plea may be deemed involuntary when based on misinformation, "regardless of whether the actual sentencing range is lower or higher than anticipated." *State v. Mendoza*, 157 Wn.2d 582, 591, 141 P.3d 49 (2006).

Here, it is undisputed that (1) the endangerment enhancement carried a mandatory additional sentence of one year plus one day, RCW 9.94A.533(11);[5] (2) the plea agreement stated that this sentencing enhancement carried a maximum term of one year; and (3) the trial court imposed only one year of additional confinement for this enhancement. We are aware of no case law addressing a similar mutual mistake of only one day. Yet there does not appear to be an exception to the general rule that a plea agreement must correctly inform the defendant about sentence lengths for the charges and enhancements to which he is pleading guilty. *See Miller*, 110 Wn.2d at 531 ("A defendant must understand the sentencing consequences for a guilty plea to be valid."). Furthermore, "[a] trial court's sentencing authority is limited to that expressed in the statutes." *State v. Skillman*, 60 Wn. App. 837, 838, 809 P.2d 756 (1991). Thus, it is an abuse of discretion to impose a sentence that does not comply with the applicable statute.

We hold that the erroneous sentencing information in the plea agreement rendered Kinnaman's guilty plea involuntary and, therefore, he was entitled to withdraw his guilty plea on this basis alone. Having held that Kinnaman's guilty plea was involuntary, we do not reach his remaining arguments for invalidating it.

---

[5] RCW 9.94A.533(11) provides:
> An additional twelve months and one day *shall be added to the standard sentence range for a conviction of attempting to elude a police vehicle* as defined by RCW 46.61.024, if the conviction included a finding by special allegation of endangering one or more persons under RCW 9.94A.834.

## II. NO SEVERABILITY OF GUILTY PLEA CONVICTION AND ENHANCEMENT

Kinnaman seeks to limit vacation of his guilty plea to the endangerment enhancement, leaving intact his guilty plea to attempting to elude. This he cannot do.

There are two possible remedies for an involuntary guilty plea: Withdrawal of the plea or specific performance of the plea agreement.[6] *Barber*, 170 Wn.2d at 855. In cases of mutual mistake, the defendant may elect only to withdraw his plea, which is the remedy Kinnaman seeks here, in part. *Barber*, 170 Wn.2d at 873. The State argues that Kinnaman's plea agreement is not severable and that his only option is to withdraw his plea in its entirety. The State is correct.

In *State v. Bisson*, 156 Wn.2d 507, 509, 130 P.3d 820 (2006), the Supreme Court examined the severability of a plea bargain involving eight counts of robbery and five deadly weapon enhancements. Bisson argued that he should be able "to choose between the two remedies"—withdrawal of guilty plea to the sentencing enhancements only (partial rescission of the plea agreement) or specific performance of running the weapon enhancement sentences concurrently. *Bisson*, 156 Wn.2d at 518. The Court held that the plea agreement was "'indivisible'" because "the pleas to the eight counts and the five weapon enhancements were made contemporaneously, set forth in the same document, and accepted in one proceeding."

---

[6] But a defendant is not entitled to specific performance where, as here, the result would bind the sentencing court to impose a sentence that is contrary to law. *Barber*, 170 Wn.2d at 872-73.

8

No. 43159-9-II

*Bisson*, 156 Wn.2d at 519 (citation omitted).[7]

Kinnaman having demonstrated that he involuntarily entered into his guilty plea, we reverse the trial court's denial of his motion to withdraw his plea, and we remand for vacation of his entire guilty plea and further proceedings consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Hunt, P.J.

I concur:

Bjorgen, J.

---

[7] *See also State v. Turley*, 149 Wn.2d 395, 400, 69 P.3d 338 (2003), in which our Supreme Court held that a plea agreement is a "'package deal'":

> [When a defendant] pleads guilty to multiple counts or charges at the same time, in the same proceedings, and in the same document, the plea agreement will be treated as indivisible, absent objective evidence of a contrary intent in the agreement.

*Turley*, 149 Wn.2d at 402. As in *Turley*, Kinnaman's plea agreement evinced no contrary intent to permit the parties to sever the attempting to elude crime from the endangerment sentence enhancement.

Moreover, Kinnaman provides no persuasive argument in support of such severability. We reject his attempt to distinguish *Turley* and *Bisson* on double jeopardy grounds and assertions of insufficient facts to support the endangerment enhancement, despite candidly acknowledging the Supreme Court's holding in *Bisson* that "multiple pleas made in the same proceeding are not severable." Br of Appellant at 17.

9

No. 43159-9-II

PENOYAR, J. — (DISSENT) I respectfully dissent. The difference between the sentence enhancement on the plea form and that required by law is one day out of twelve months. Just as we accept that a leap year is still a "year," we should accept that this difference is not significant in reviewing the voluntariness of Kinnaman's plea. While twelve months, as opposed to twelve months and a day, would be significant if it determined whether a defendant was going to prison or the county jail, it is not significant here where it is merely one day out of nearly a thousand. I would affirm.

Penoyar, J.

10