# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 69922-9-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STACY DOCKINS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: April 21, 2014 |
| | ) | |

VERELLEN, J. — An offender is not entitled to credit against his sentence for time he voluntarily spent in an inpatient chemical dependency treatment program prior to his conviction and sentencing. The trial court properly declined to award Stacy Dockins credit against his sentence for time he voluntarily spent in chemical dependency treatment. We affirm.

## FACTS

Dockins pleaded guilty to two counts of felony driving under the influence (DUI) and one count of attempting to elude a pursuing police vehicle. While in custody in the King County Jail, Dockins petitioned the superior court for release in order to participate in a month-long inpatient chemical dependency treatment program. The court released Dockins from jail to allow him to enter treatment. As a condition of release, Dockins was required to comply with the treatment program.

The trial court subsequently granted Dockins' requests for extensions of his temporary release to allow him to participate in "long-term" treatment at the program for approximately six months. During long-term treatment, Dockins was permitted to leave the treatment facility three times per week and was required to work or volunteer. After Dockins completed treatment, he was ordered by the court to participate in King County's Community Center for Alternative Programs–Enhanced (CCAP–Enhanced).

Dockins and the State eventually entered a plea agreement. The State agreed to request an exceptional sentence below the standard range and agreed not to file an additional uncharged felony DUI charge.

At sentencing, Dockins requested credit for the time he served in the King County jail, in CCAP, and in the chemical dependency treatment. The State opposed Dockins' request for credit for his time in treatment, arguing that it was not part of the plea agreement and that Dockins already benefited from the State's agreement to seek an exceptional sentence below the standard range because of his completion of treatment.

The trial court imposed the agreed exceptional sentence below the standard range and credited Dockins for the time he spent in jail and in CCAP-Enhanced. The court denied Dockins' request for credit for time spent in treatment, explaining that the treatment was voluntary and not court-ordered: "This was your decision you made to go to treatment. It's something that's going to benefit you. And you were not under direct

Court supervision at that time, even though they were monitoring you and reporting to the Court."[1]

Dockins appeals.

ANALYSIS

Dockins contends he was entitled to credit for the time he voluntarily served in chemical dependency treatment prior to his conviction and sentencing. We disagree.

Whether to award credit for time served is a question of law subject to de novo review.[2] A court's ultimate goal in reviewing a statute is to identify and give effect to the legislature's intent.[3] Intent is determined by first looking at the language of the statute.[4]

The trial court was required to grant credit for all confinement time served prior to sentencing.[5] But the Sentencing Reform Act of 1981 (SRA) definition of "confinement" does not apply to time served in voluntary chemical dependency treatment. "Confinement" is defined as "total or partial confinement."[6] "Total confinement" means "confinement inside the physical boundaries of a facility or institution operated or utilized under contract by the state or any other unit of government for twenty-four hours a day."[7] "Partial confinement" is defined as

> confinement for no more than one year in a facility or institution operated or utilized under contract by the state or any other unit of government, or, if home detention or work crew has been ordered by the court, in an

---

[1] Report of Proceedings (Jan. 11, 2013) at 17-18.

[2] State v. Swiger, 159 Wn.2d 224, 227, 149 P.3d 372 (2006).

[3] State v. Jacobs, 154 Wn.2d 596, 600, 115 P .3d 281 (2005).

[4] State v. Van Woerden, 93 Wn. App. 110, 116, 967 P.2d 14 (1998).

[5] RCW 9.94A.505(6).

[6] RCW 9.94A.030(8).

[7] RCW 9.94A.030(51).

approved residence, for a substantial portion of each day with the balance of the day spent in the community. Partial confinement includes work release, home detention, work crew, and a combination of work crew and home detention.[8]

Although "confinement" is defined to include work release, home detention, and work crew, chemical dependency treatment is not among the alternatives included within the definition. The SRA does not expressly grant trial courts authority to credit chemical dependency treatment against confinement time.[9] Dockins presents no compelling argument or authority to support the proposition that the legislature intended to include voluntary treatment programs in the statutory definition of "confinement."

Inherent in the concept of confinement is that it is court-imposed, not voluntary. Dockins was not compelled or ordered by the court to enter treatment. Although a trial court must credit an offender for time in inpatient treatment where participation in the program was a condition imposed on suspension of a sentence,[10] this rule is inapplicable in light of Dockins' voluntary participation in treatment prior to conviction or sentencing.[11] Dockins opted to enter treatment and benefited from the arrangement by negotiating with the State for an exceptional sentence below the standard range due to his success in treatment.

---

[8] RCW 9.94A.030(35).

[9] State v. Hale, 94 Wn. App. 46, 55, 971 P.2d 88 (1999) (holding "the SRA does not grant trial courts authority to credit drug treatment against confinement time or community service").

[10] In the Matter of Chatman, 59 Wn. App. 258, 263, 796 P.2d 755 (1990).

[11] Additionally, it is not disputed that the treatment facility Dockins attended does not meet the RCW 9.94A.030(35) criterion of being "a facility or institution operated or utilized under contract by the state or any other unit of government." Dockins' trial counsel acknowledged it was not.

We affirm the trial court's determination that Dockins' voluntary participation in the chemical dependency treatment program was not total or partial confinement. Accordingly, Dockins is not entitled to credit for the time he spent there.

_____ A.C.J.

WE CONCUR:

_____ C.J.    _____ J.