IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| IN THE MATTER OF THE POST-SENTENCE PETITION OF | ) ) ) | No. 35065-7-III |
| ANTHONY LUCIO. | ) ) ) | UNPUBLISHED OPINION |

FEARING, C.J. — In a post-sentence review petition (PSP), pursuant to RCW 9.94A.585(7), the Washington State Department of Corrections (DOC) asks this court to review the community custody portion of Anthony Lucio's sentence on a conviction for criminal mischief. DOC argues that a criminal mischief charge does not qualify for community custody. We disagree.

## FACTS

Our record tells nothing about the underlying crimes. Anthony Lucio committed the crimes on July 10, 2016.

On July 11, 2016, the State of Washington charged Anthony Lucio with attempted malicious mischief in the first degree (public service interruption) under RCW 9A.48.070(1)(b), assault in the third degree against a law enforcement officer under

RCW 9A.36.031(1)(g), and obstructing a law enforcement officer under RCW 9A.76.020. The information alleged that Lucio physically damaged or tampered with an emergency vehicle and assaulted a law enforcement officer. The information provided no further background for the crime.

On November 21, 2016, the trial court found Anthony Lucio guilty, upon a plea, of one count of attempted malicious mischief in the first degree and one count of criminal mischief while armed. Note that the second conviction is for a crime other than the three crimes charged in the information. We do not know what facts allegedly supported a conviction for criminal mischief while armed. The court declared in paragraph 2.1 of the judgment and sentence:

> 2.1 Current Offenses: The defendant is guilty of the following offenses, based upon a Guilty Plea on November 21.2016:

| Count | Crime | RCW (w/subsection) | Class | Date of Crime |
|---|---|---|---|---|
| 1 | Malicious Mischief in the First Degree (Public Service Interruption) | | | |
| | | 9A.48.070(1)(b) | B | 07/10/2016 |
| 1 | Attempt | 9A.28.020 | SA | 07/10/2016 |
| 2 | Criminal Mischief While Armed | | | |
| | | 9A.84.010(2)(b) | C | 07/10/2016 |

PSP Ex. 1 at 1. Paragraph 2.3 of the judgment and sentence notes that the maximum sentence for criminal mischief is twelve months.

On November 21, 2016, the trial court sentenced Anthony Lucio to twenty months on the charge of attempted malicious mischief and one year on the charge of criminal mischief, with the two sentences to run concurrently. The trial court added a twelve-month community custody term to the criminal mischief conviction. Paragraph 4.2 of the

2

judgment and sentence reads, in relevant part:

> 4.2 Community Custody. (To determine which offenses are eligible for or required for community custody see RCW 9.94A.701)
> (A) The defendant shall be on community custody for:
> . . . .
> Count(s) _2_ 12 months (for crimes against a person, drug offenses, or offenses involving the unlawful possession of a firearm by a street gang member or associate)
> Note: combined term of confinement and community custody for any particular offense cannot exceed the statutory maximum. RCW 9.94A.701.

PSP Ex. 1 at 6.

On November 23, 2016, DOC received a copy of Anthony Lucio's judgment and sentence. As is its custom, DOC reviewed the judgment and sentence imposed on Lucio. DOC concluded that the trial court committed error, when imposing a community custody term on Lucio, because the crime of criminal mischief does not qualify for community custody. In December of 2016, DOC staff e-mailed the deputy prosecuting attorney handling the prosecution and asked him to request the trial court to amend the sentence. On January 4, 2017, DOC counsel further notified the superior court and the parties of the alleged error. DOC counsel again asked the prosecuting attorney to amend the sentence. The prosecuting attorney disagreed and contended that the law warranted the imposition of community custody.

## PROCEDURE

On February 15, 2017, DOC filed this post-sentence petition with our court. This court appointed counsel for Anthony Lucio.

3

This court directed Anthony Lucio and the Grant County Prosecuting Attorney to file a response. Both parties filed responses. The prosecuting attorney, on behalf of the State of Washington, disagreed with DOC. Lucio agreed with DOC's position and raised a new argument regarding whether the court might impose community custody for one year. Lucio noted that the maximum sentence for criminal mischief is twelve months, and, when one adds his prison sentence and community custody time, the total sentence is two years. Lucio asked this court to strike the community custody sentence on this additional ground. We, in turn, requested a response from DOC and the State of Washington as to Lucio's request.

## LAW AND ANALYSIS

*Issue 1: Whether we may entertain Anthony Lucio's request, to vacate the community custody portion of his sentence, in the setting of DOC's petition for correction of sentence?*

*Answer 1: No.*

DOC filed this petition for post-sentence review pursuant to RCW 9.94A.585. The statute reads:

> (7) The department may petition for a review of a sentence committing an offender to the custody or jurisdiction of the department. The review shall be limited to errors of law. Such petition shall be filed with the court of appeals no later than ninety days after the department has actual knowledge of terms of the sentence. The petition shall include a certification by the department that all reasonable efforts to resolve the dispute at the superior court level have been exhausted.

4

We must decide whether this statute authorizes the offender to challenge a portion of his sentence as part of the proceeding initiated by DOC's petition.

Anthony Lucio recognizes that post-sentence reviews are typically confined to the issue raised by DOC. Nevertheless, Lucio observes that he challenges the same section of the judgment challenged by DOC, that section being the imposition of twelve months' community custody. Lucio therefore contends he may forward his argument as part of DOC's petition.

We disagree. Whereas, Anthony Lucio seeks the same relief as sought by DOC, he raises a separate legal issue. His response requires this court to engage in an analysis of a distinct legal question.

RCW 9.94A.585(7) allows DOC to petition the court for review. The statute creates a unique action initiated in the Court of Appeals. The legislature created the action to resolve the conundrum DOC faces when it discovers an error in the judgment and sentence. *In re Sentence of Chatman*, 59 Wn. App. 258, 264, 796 P.2d 755 (1990). No language in the statute allows the offender to assert a petition or new argument.

Anthony Lucio argues that this court may not affirm an erroneous sentence such that we are compelled to address his request for correction. This argument assumes too much. Any ruling in response to DOC's petition will merely grant or deny the petition. The ruling will not affirm Anthony Lucio's judgment and sentence as a whole.

We recognize that present review of Anthony Lucio's contention may save the parties and the court the time and expense of a personal restraint petition being filed by

5

Lucio. Nevertheless, Lucio will need to initiate whatever avenues remain available to him to correct any erroneous sentence.

*Issue 2: Whether the crime of criminal mischief may carry a sentence of community custody?*

*Answer 2: Yes.*

DOC is not authorized to either correct or ignore a final judgment and sentence that may be erroneous. *Dress v. Department of Corrections*, 168 Wn. App. 319, 322, 279 P.3d 875 (2012). The department may petition the Court of Appeals for review of an alleged error of law in a judgment and sentence within ninety days of having knowledge of the terms of such a sentence. *Dress v. Department of Corrections*, 168 Wn. App. at 322. The legislature designed RCW 9.94A.585(7) to alleviate the dilemma previously facing DOC: enforcing what it considers to be an unlawful sentence or ignoring the sentence imposed by the trial court. *Dress v. Department of Corrections*, 168 Wn. App. at 326-27.

The question presented by DOC's petition involves solely a legal issue. This court must decide whether it agrees with DOC that the trial court lacked authority to impose a term of community custody on Anthony Lucio as a result of the conviction for criminal mischief.

RCW 9.94A.701 controls the issue. The statute directs the superior court to impose a term of community custody, in addition to prison time, on an offender on a conviction for certain crimes. The statute reads in relevant part:

(3) A court shall, in addition to the other terms of the sentence, sentence an offender to community custody for one year when the court sentences the person to the custody of the department for:

(a) *Any crime against persons under RCW 9.94A.411(2)*;

(b) An offense involving the unlawful possession of a firearm under RCW 9.41.040, where the offender is a criminal street gang member or associate;

(c) A felony offense under chapter 69.50 or 69.52 RCW, committed on or after July 1, 2000; or

(d) A felony violation of RCW 9A.44.132(1) (failure to register) that is the offender's first violation for a felony failure to register.

(Emphasis added.) Subsection (3)(a) is the only relevant subsection of RCW 9.94A.701 for purposes of our review. This court must determine if Anthony Lucio's conviction for criminal mischief consists of a crime against a person under RCW 9.94A.411(2).

RCW 9.94A.701(3)(a) references crimes against persons under RCW 9.94A.411(2). On November 21, 2016, when the trial court sentenced Anthony Lucio, the latter statute listed numerous crimes against persons, including:

CRIMES AGAINST PERSONS

. . . .

Riot (if against person) [RCW 9A.84.010]

RCW 9.94A.411(2) did not list criminal mischief as a crime against a person. When the legislature first enacted RCW 9.94A.411(2), no crime labeled as "criminal mischief" existed. The crime of "criminal mischief" has since been substituted for the crime of "riot."

In 2013, the legislature amended RCW 9A.84.010 with the term "criminal mischief" being replaced for "riot." LAWS OF 2013 ch. 20, § 1. The amendment did not change any elements of the crime, however. The amendment did not alter the language

7

of the statute. The House Bill Analysis for the 2013 bill noted that the crime carried a maximum sentence of one year confinement and up to one year in community custody. HOUSE PUBLIC SAFETY COMM., H.B. ANALYSIS ON SUBSTITUTE S.B. 5021 at 1, 63d Leg., Reg. Sess. (Wash. 2013).

Despite amending the name of the crime found in RCW 9A.48.010 during 2013, the legislature never amended RCW 9.94A.411(2) to substitute, as a crime against a person, "criminal mischief" for "riot." DOC contends that the failure of the legislature to update RCW 9.94A.411(2) to list "criminal mischief" means the legislature chose not to include "criminal mischief" in the list of crimes against persons. Therefore, according to DOC, "criminal mischief" is not a crime against a person eligible for community custody under RCW 9.94A.701(3)(a).

The State of Washington, through the Grant County Prosecuting Attorney, resists the petition. The prosecuting attorney argues that the legislature, when it renamed the crime of "riot" to "criminal mischief" in 2013, never intended to remove from community custody eligibility whatever crime is described in RCW 9A.48.010. We agree with the State.

This court's fundamental purpose in construing a statute is to ascertain and carry out the intent of the legislature. *In re Marriage of Schneider*, 173 Wn.2d 353, 363, 268 P.3d 215 (2011). In so doing, the court relies on many tested, commonsensical, and intelligent principles to divine the meaning of the statute, principles employed when

8

interpreting other important and even sacred texts. *State v. Jimenez*, 200 Wn. App. 48, 52, 401 P.3d 313 (2017).

DOC's argument is overly technical. DOC's position inappropriately promotes form over substance. *State v. Olson*, 126 Wn.2d 315, 318, 893 P.2d 629 (1995). The 2013 amendment to RCW 9A.48.010 did not change the nature of the subject crime. The change in the label of the crime from "riot" to "criminal mischief" should not impact the consequences behind a conviction for the crime unless the legislature expressly so states. The legislature never suggested that the crime described in RCW 9A.48.010 should not remain eligible for imposition of community custody. Any failure, in 2013, to amend RCW 9.94A.411(2)(a)'s list of crimes against persons was an understandable oversight because of numerous interlocking terms in criminal sentencing statutes.

One rule of statutory construction directly applicable to the issue before this court arises from a statute. RCW 1.12.028 declares:

> If a statute refers to another statute of this state, the reference includes any amendments to the referenced statute unless a contrary intent is clearly expressed.

The legislature apparently noticed its oversight. The legislature passed a bill this year amending RCW 9.94A.411(2)'s list of crimes against persons demanding one year of community custody. LAWS OF 2017, ch. 266 § 5(2)(a) (eff. July 23, 2017). RCW 9.94A.411(2)(a) now reads, in part:

> CRIMES AGAINST PROPERTY/OTHER CRIMES
> . . . .
> Criminal Mischief (if against person) (RCW 9A.84.010)

9

Anthony Lucio argues that the 2017 bill confirms that the legislature earlier purposefully declined to include the crime of "criminal mischief" as a crime subject to community custody. We disagree. RCW 1.12.028 directs this court to assume otherwise.

Our analysis does not end with the conclusion that a conviction for the crime of criminal mischief subjects the offender to community custody. RCW 9.94A.411(2) only permits community custody for the crime of criminal mischief "if against person." Under RCW 9A.84.010, the offender may commit the crime of criminal mischief against either a person or against property. RCW 9A.84.010 declares:

> (1) A person is guilty of the crime of criminal mischief if, acting with three or more other persons, he or she knowingly and unlawfully uses or threatens to use force, or in any way participates in the use of such force, *against any other person or against property.*

(Emphasis added.)

RCW 9A.84.010 does not identify the characteristics that distinguish criminal mischief against a person from criminal mischief against property. No case law admits guidelines for determining whether the offender commits criminal mischief against a person or property.

Paragraph 2.1 of the felony judgment and sentence entered in November 2016 declares Anthony Lucio guilty of criminal mischief while armed but does not mention whether Lucio committed the crime against person or property. Anthony Lucio was armed when he committed the crime. While one might expect the offender to more likely be armed when committing a crime against person as opposed to against property, such a

10

conclusion would be speculative. The State substituted the crime of criminal mischief for the original charges of assaulting a law enforcement officer and obstructing a law enforcement officer. The earlier charges may suggest that Lucio committed the crime of criminal mischief against a person.

We conclude that Anthony Lucio committed his crime of criminal mischief against a person for another ground. In paragraph 4.2 of the judgment and sentence, the court specifically orders community custody on a finding that the crime was "against a person." Neither Anthony Lucio nor DOC argue that the crime was one only against property.

## CONCLUSION

We deny DOC's petition to modify Anthony Lucio's sentence.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, C.J.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Pennell, J.

11