# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

|  |  |  |
|---|---|---|
| In the Matter of the Post-Sentence Review of:<br><br>KEENAN PEARSON,<br><br>                    Petitioner. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 79554-6-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br>FILED: September 3, 2019 |

PER CURIAM. The Department of Corrections (DOC) filed this petition under RCW 9.94A.585(7) and RAP 16.18 seeking post-sentence review of the community custody term imposed in State v. Keenan Pearson, King County Superior Court No. 18-1-02985-2 SEA. DOC contends that the sentencing court erred in (1) sentencing Pearson to 36 months of community custody for an ineligible offense and (2) not sentencing him for up to 12 months of community custody for an eligible offense. The State agrees with the merits of DOC's petition. We agree that the court erred in imposing community custody for an ineligible offense, and we remand for resentencing.

We review DOC's petition for post-sentence review of the trial court's sentence for errors of law. RCW 9.94A.585(7); In re Postsentence Rev. of Bercier, 178 Wn. App. 148, 150, 313 P.3d 491 (2013). The requirements of RCW 9.94A.585(7) are strictly construed. In re Sentence of Hilborn, 63 Wn. App. 102, 104-05, 816 P.2d 1247 (1991). The superior court can only impose a sentence that is authorized by statute. In re Postsentence Rev. of Leach, 161

The superior court can only impose a sentence that is authorized by statute. In re Postsentence Rev. of Leach, 161 Wn.2d 180, 184, 163 P.3d 782 (2007). This rule applies even if the sentence is imposed pursuant to a plea agreement. State v. Barber, 170 Wn.2d 854, 870, 248 P.3d 494 (2011). Whether the trial court exceeded its statutory authority in issuing a particular sentence is a question of law reviewed de novo. State v. Button, 184 Wn. App. 442, 446, 339 P.3d 182 (2014).

The State charged Pearson with one count of voyeurism in the first degree (Count I) and one count of attempted residential burglary with sexual motivation (Count II). In exchange for Pearson's plea of guilty, the State moved to dismiss the sexual motivation enhancement related to Count II. On Count I, the State agreed to recommend 12 months of confinement plus zero months of community custody. On Count II, the State agreed to recommend 12 months plus one day of confinement concurrent with Count 1, plus 36 months of community custody. The court sentenced Pearson in accordance with the plea agreement.

DOC first contends that the court erred in imposing a 36-month term of community custody on Count II. For sentences of more than one year, RCW 9.94A.701(1) authorizes a 36-month term of community custody for sex crimes and serious violent offenses. But attempted residential burglary, a violation of RCW 9A.28.020 and RCW 9A.52.025, is not a sex crime or a serious violent offense. See RCW 9.94A.030. The court specifically acknowledged in the judgment and sentence that this was not a sex crime. A court lacks authority to impose a term of community custody on any offense not authorized by statute. In re Post Sentence Review of Childers, 135 Wn. App. 37, 40, 143 P.3d 831, 832 (2006). Thus, Pearson is ineligible for

2

community custody for that offense. The State and Pearson agree with the merits of DOC's petition on this issue. We also agree, and we remand to the superior court to strike the community custody term imposed for Count II.

DOC further contends that the court erred in failing to sentence Pearson for up to 12 months of community custody for Count I. RCW 9.94A.702 lists offenses with a sentence of one year or less for which the court may, in the exercise of its discretion, impose up to one year of community custody. Voyeurism in the first degree, a violation of RCW 9A.44.115(2), is a sex offense eligible for up to 12 months of community custody. See RCW 9.94A.702(1)(a), RCW 9.94A.030(48)(a)(i).

Pearson asserts that the court properly exercised its discretion not to impose a term of community custody on Count I. Because the resulting sentence is statutorily permissible, Pearson contends that it is not an "error of law" subject to review or modification pursuant to RCW 9.94A.585(7). However, the record is inadequate for us to determine whether or to what extent the error of law regarding sentencing on Count II impacted the court's exercise of discretion regarding sentencing on Count I. Because it is not clear whether the error of law on Count II influenced the court's exercise of discretion on Count I, we remand to allow the court to exercise its sentencing discretion regarding community custody on Count I without the influence of this legal error.

In sum, because the court lacked authority to impose any term of community custody for Count II, we remand to the superior court to (1) strike the legally erroneous term of community custody from Pearson's judgment and sentence on Count II and (2) to permit the court to specify its exercise of discretion regarding community custody on Count I in the absence of this legal error.

3

No. 79554-6-I/4

Granted.

For the court:

_Mann, ACJ._

_Dwyer, J._

_Leach, J._

4