[No. 37985-6-II.   Division Two.   September 9, 2009.]

THE STATE OF WASHINGTON, *Respondent*, v. JACKLYNN R. YOUNG, *Appellant*.

*Marilyn R. Gunther*, for appellant.

*Edward G. Holm, Prosecuting Attorney*, and *Carol L. La Verne, Deputy*, for respondent.

¶1 QUINN-BRINTNALL, J. — In 2005, the State voluntarily dismissed, without prejudice, a charge of third degree assault of a child, domestic violence, against Jacklynn Young because it could not locate a material witness.[1] In 2008, Young moved the Thurston County Superior Court to destroy all references in court records to the charge. She argued that the court had authority to destroy the records under GR 15(h) and RCW 10.97.060.[2] And she declared that organizations gained access to this information by running criminal background checks and then denied her housing and employment. The State responded that the trial court should deny her request because, under RCW 10.97.060(2), the court had authority to refuse to delete her records based

[1] Young was an adult when she was charged and, therefore, the Juvenile Justice Act of 1977, ch. 13.40 RCW, does not apply.

[2] Young's motion was entitled a motion to "seal and destroy" the 2005 court records, but she argued solely for destruction under GR 15(h) and asserted that sealing the records would not protect her interests.

on her prior "conviction" as a juvenile.[3] The trial court agreed with the State and denied Young's request on the basis of her juvenile record. Young appeals.[4]

¶2 The sole question on appeal is whether the trial court properly denied Young's request to destroy her 2005 court records. We affirm.

■■ ¶3 Under GR 15(h)(1), a "court shall not order the destruction of any court record unless expressly permitted by statute." The only statute that Young cites as authority for the court to grant her motion is RCW 10.97.060, part of the Washington State Criminal Records Privacy Act (Act), ch. 10.97 RCW. That statute reads, in relevant part:

> *Criminal history record information* which consists of *nonconviction data* only shall be subject to deletion from *criminal justice agency files* which are available and generally searched for the purpose of responding to inquiries concerning the criminal history of a named or otherwise identified individual when two years or longer have elapsed since the record became nonconviction data as a result of the entry of a disposition favorable to the defendant, or upon the passage of three years from the date of arrest or issuance of a citation or warrant for an offense for which a conviction was not obtained unless the defendant is a fugitive, or the case is under active prosecution according to a current certification made by the prosecuting attorney.

RCW 10.97.060 (emphasis added). As relevant here, this statute allows deletion only of "[c]riminal history record information" that is solely nonconviction data and is contained in criminal justice agency files. RCW 10.97.060.

¶4 The parties agree that the records Young seeks to destroy are "nonconviction data" because they are "criminal

---

[3] That subsection gives courts discretion to "refuse to make the deletion if . . . [t]he person who is the subject of the record has had a prior conviction for a felony or gross misdemeanor." RCW 10.97.060(2). The parties dispute whether a juvenile disposition is a "prior conviction" or whether that language applies only to adult felonies or gross misdemeanors. We do not reach this issue because our holding on other grounds is dispositive.

[4] We converted her motion for discretionary review into a notice of appeal as a matter of right.

history record information relating to an incident which has not led to a conviction or other disposition adverse to the subject, and for which proceedings are no longer actively pending." RCW 10.97.030(2). The parties also agree that the Act defines "criminal justice agency" as including courts and, therefore, the court files that Young seeks to destroy are "criminal justice agency files." RCW 10.97.030(5), .060. These two statutory requirements are satisfied.

¶5 At issue here, however, and dispositive to our ruling, is whether the records that Young wants destroyed constitute "criminal history record information" under the Act.[5] The Act defines this term as

> information contained in records collected by criminal justice agencies, *other than courts*, on individuals, consisting of identifiable descriptions and notations of arrests, detentions, indictments, informations, or other formal criminal charges, and any disposition arising therefrom, including acquittals by reason of insanity, dismissals based on lack of competency, sentences, correctional supervision, and release.

RCW 10.97.030(1) (emphasis added).

¶6 Young moved the trial court to destroy court records of the 2005 charge. Specifically, she asked for "an order directing the clerk of the court to seal and destroy the defendant's record of charges in accordance with GR 15(h), specifically but not limited to, to remove all references to the court records from any applicable information system maintained for or by the clerk." Clerk's Papers at 7. Although she mentioned a possible problem with Washington State Patrol records and those records are a proper subject for deletion under RCW 10.97.060, Young did not ask the court to delete those noncourt records. Because Young sought destruction only of information contained in records collected by a court, the target of her motion is not "criminal history record information." RCW 10.97.030(1).

---

[5] We note that neither party presented this argument to the trial court and the court did not consider it on its own motion. But as this issue is dispositive and we may affirm on any ground that the record supports, we nevertheless reach it. *State v. Costich*, 152 Wn.2d 463, 477, 98 P.3d 795 (2004).

Therefore, this requirement for deletion under RCW 10.97-.060 is not met as a matter of law. Young cites no additional statutory authority that would allow the trial court to destroy her court records under GR 15(h), and we find none. Accordingly, we hold that the trial court properly denied Young's motion to delete her 2005 court records.

¶7 We affirm.

PENOYAR, A.C.J., and HUNT, J., concur.