[No. 29018-2-III.   Division Three.   April 21, 2011.]

THE STATE OF WASHINGTON, *Respondent*, v. JOSE MARTINEZ II, *Appellant*.

*Brian P. Conry*, for appellant.

*James L. Nagle, Prosecuting Attorney*, and *Teresa J. Chen, Deputy*, for respondent.

¶1 BROWN, J. — Jose Martinez, a legal alien concerned about deportation, appeals the trial court's decision denying his plea-withdrawal request. His crime, possessing a controlled substance with intent to deliver, is an aggravated felony that, if committed by an alien, is a deportable offense. *See* 8 U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable."); 8 U.S.C. § 1101(a)(43)(B) (illicit trafficking in a controlled substance is an "aggravated felony").

Mr. Martinez contends his counsel was ineffective for failing to notify him of the certain deportation consequences of his plea and his failure to investigate witnesses. The record supports his contention. Based on *State v. Sandoval*, 171 Wn.2d 163, 170, 249 P.3d 1015 (2011), the failure to affirmatively advise a client of a clearly deportable offense amounts to ineffective assistance of counsel. Accordingly, we reverse and remand for the trial court to allow plea withdrawal.

## FACTS

¶2 In April 2008, a drug task force organized two controlled buys with the assistance of Angel Gonzalez. Mr. Gonzalez purchased an "eight-ball" of cocaine from Mr. Martinez on both occasions. A warrant was executed on Mr. Martinez's residence, located near several school bus stops. There, police found three baggies of cocaine on the kitchen table; a brick of cocaine weighing nearly a kilogram in the garage; and over $4,000 in cash. Some of the seized bills were used by officers during the controlled buys. The State charged Mr. Martinez with three counts of possession of cocaine with intent to deliver within 1,000 feet of a school bus stop.

¶3 In exchange for two of the counts and the bus stop enhancements being dropped, Mr. Martinez agreed to plead guilty to one count of possession with intent to deliver. He signed the statement of defendant on plea of guilty, which states, "If I am not a citizen of the United States, a plea of guilty to an offense punishable as a crime under state law is grounds for deportation." Clerk's Papers (CP) at 52. At the plea hearing, the court asked Mr. Martinez, "Were you able to go through this statement okay with [defense counsel]?" Report of Proceedings at 2. Mr. Martinez replied, "Yes." *Id.* Mr. Martinez then stated he understood the plea and did not have any questions. The court accepted Mr. Martinez's plea, finding it was knowing, intelligent, and voluntary. In October 2009, Mr. Martinez unsuccessfully requested to

withdraw his guilty plea based on newly discovered evidence. The court sentenced Mr. Martinez on November 7, 2009.

¶4 On December 1, 2009, Mr. Martinez again moved to withdraw his plea, this time under CrR 7.8(b)(5). He asserted the court and his counsel failed to inform him his plea could have immigration consequences or, alternatively, he was incorrectly advised there were only "mere grounds for deportation." CP at 130. In a declaration in support of the motion, Mr. Martinez's original defense attorney declared he had "no independent recollection" of what he advised Mr. Martinez regarding immigration but admitted he knew "very little about immigration law." CP at 280. Counsel also declared deportation was a "material factor" for a legal permanent resident. *Id.* Mr. Martinez further alleged counsel was ineffective for failing to investigate State and potential defense witnesses. The court denied the motion, reasoning Mr. Martinez understood the immigration consequences of his plea based on the court's colloquy and his guilty plea statement. The court found the investigation-failure allegations did not establish sufficient new facts under CrR 7.8 to support vacation of plea and sentence. Mr. Martinez appealed.

## ANALYSIS

¶5 The issue is whether the trial court erred by abusing its discretion in denying Mr. Martinez's CrR 7.8(b)(5) motion for relief from judgment based on ineffective assistance of counsel concerning deportation consequences and witness investigation inadequacies.

■■ ¶6 We review a trial court's denial of a CrR 7.8 motion for an abuse of discretion and will not reverse absent an abuse of that discretion. *State v. Swan*, 114 Wn.2d 613, 642, 790 P.2d 610 (1990). "A trial court abuses its discretion when it bases its decisions on untenable or unreasonable grounds." *State v. Pierce*, 155 Wn. App. 701, 710, 230 P.3d 237 (2010). Under CrR 7.8(b)(5), we may grant

relief from judgment for "[a]ny other reason justifying relief from the operation of the judgment." Ineffective assistance would be a reason to justify relief.

¶7 A claim of ineffective assistance presents a mixed question of fact and law reviewed de novo. *State v. Sutherby*, 165 Wn.2d 870, 883, 204 P.3d 916 (2009). A defendant possesses the right to effective assistance of counsel in criminal proceedings. *Strickland v. Washington*, 466 U.S. 668, 684-86, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). We presume counsel was effective. *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995). To prove ineffective assistance of counsel, Mr. Martinez must show that (1) defense counsel's representation was deficient, falling below an objective standard of reasonableness, and (2) the deficient performance prejudiced the defendant. *Sutherby*, 165 Wn.2d at 883 (citing *Strickland*, 466 U.S. at 687).

¶8 Mr. Martinez first contends his counsel's performance was deficient for failing to adequately warn him of deportation consequences, warranting withdrawal of his guilty plea under CrR 7.8(b)(5). The first step in determining whether counsel's immigration advice was below an objective standard of reasonableness is to determine whether "the relevant immigration law is truly clear about the deportation consequences." *Sandoval*, 171 Wn.2d at 171.

¶9 In *Sandoval*, our Supreme Court held, "If the applicable immigration law 'is truly clear' that an offense is deportable, the defense attorney must correctly advise the defendant that pleading guilty to a particular charge would lead to deportation. If 'the law is not succinct and straightforward,' counsel must provide only a general warning that 'pending criminal charges may carry a risk of adverse immigration consequences.' " *Sandoval*, 171 Wn.2d at 170 (citation omitted) (quoting *Padilla v. Kentucky*, ___ U.S. ___, 130 S. Ct. 1473, 1483, 176 L. Ed. 2d 284 (2010)).

¶10 "Any alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C.

§ 1227(a)(2)(A)(iii). Illicit trafficking in a controlled sub-stance is an "aggravated felony." 8 U.S.C. § 1101(a)(43)(B). Thus, possessing a controlled substance with intent to deliver is an aggravated felony that, if committed by an alien, is a deportable offense. The law is clear.

¶11 Mr. Martinez claims his counsel solely discussed the possibility of deportation while counsel claims he can-not remember exactly how he advised Mr. Martinez but admits he knew little about immigration law. Taken to-gether, it is apparent counsel did not warn Mr. Martinez his eligibility for deportation was certain. Mr. Martinez was warned of the deportation consequences in his plea state-ment and he admitted to the judge that he understood the consequences of his plea, but "the guilty plea statement warnings required by RCW 10.40.200(2) cannot save the advice that counsel gave." *Sandoval*, 171 Wn.2d at 173. Applying *Sandoval*, counsel's performance was deficient.

¶12 Our next focus is whether the incorrect advice prejudiced Mr. Martinez. *Sutherby*, 165 Wn.2d at 883. " 'In satisfying the prejudice prong, a defendant challenging a guilty plea must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " *Sandoval*, 171 Wn.2d at 174-75 (quoting *In re Pers. Re-straint of Riley*, 122 Wn.2d 772, 780-81, 863 P.2d 554 (1993)). In *Sandoval*, the court found prejudice where Mr. Sandoval stated in his brief that he would not have ac-cepted the plea and counsel admitted Mr. Sandoval "was 'very concerned' " about the risk of deportation. *Sandoval*, 171 Wn.2d at 175. The *Sandoval* court found this to be sufficient, even though it was not "rational" that Mr. Sandoval would proceed to trial instead of accepting a plea deal given the disparity in punishment (if Mr. Sandoval were convicted of second degree rape, he faced a standard sentencing range of 78-102 months' imprisonment versus his plea to third degree rape, which subjected him to just 6-12 months). *Id.*

¶13 Here, like in *Sandoval*, it may not seem rational that Mr. Martinez would refuse a very favorable plea offer, but he claims in his brief he would not have pleaded guilty if he knew deportation would be a consequence (*see* Appellant's Br. at 44) and deportation was a "material factor" according to Mr. Martinez's attorney. CP at 280. The *Sandoval* court reasons this is sufficient to establish prejudice. Therefore, Mr. Martinez has met both prongs of the *Strickland* test. We note the trial court did not have the benefit of *Sandoval* or *Padilla* when it denied Mr. Martinez's CrR 7.8(b)(5) withdrawal motion.

¶14 Mr. Martinez next contends the court should have granted his request for CrR 7.8(b)(5) relief for counsel's failure to investigate witnesses. He further argues the trial court misconstrued his argument as a request for relief under CrR 7.8(b)(2), regarding newly discovered evidence. We need not reach these arguments because the ineffective assistance of counsel issue is dispositive. *See State v. Young*, 152 Wn. App. 186, 188 n.3, 216 P.3d 449 (2009) (courts need not reach additional issues when holding on other grounds is dispositive).

¶15 Reversed and remanded for action consistent with this opinion.

KULIK, C.J., and SIDDOWAY, J., concur.

Review denied at 172 Wn.2d 1011 (2011).