2017 APR 24 AM 09

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, ) | No. 74309-1-I |
| ) | |
| Respondent, ) | DIVISION ONE |
| ) | |
| v. ) | UNPUBLISHED OPINION |
| ) | |
| JORGE MADRIGAL, aka JOSE ) | |
| MARTINEZ; ) | |
| ) | |
| Appellant ) | |
| ) | |
| GONSALO M. MEDIES, ) | |
| ) | |
| Defendant. ) | FILED: April 24, 2017 |
| ) | |

APPELWICK, J. — The trial court denied Madrigal's motion to vacate his 1985

judgment and sentence. The State contends that this motion was time barred.

Madrigal argues that counsel provided ineffective assistance by not informing him

of the immigration consequences of his guilty plea. We affirm.

## FACTS

In 1985, Jorge Madrigal was charged with unlawful possession of a

controlled substance, heroin. He pleaded guilty to the charge. Madrigal did not

have legal status in the United States at the time. Madrigal was sentenced to 35

days.

In 2013, the Department of Homeland Security notified Madrigal that he was subject to removal. It initiated removal proceedings. The listed reason for removal was that Madrigal was an alien present in the United States who had not been admitted or paroled. There was no mention of Madrigal's 1985 conviction.

In 2015, Madrigal sought to vacate his 1985 judgment and sentence. He alleged that were it not for this prior conviction, he would be eligible for cancellation of removal. He argued that his guilty plea was not voluntarily and intelligently made. And, he contended that he was denied effective assistance of counsel, because his attorney never advised him of the immigration consequences of a guilty plea.

The court held a hearing on the motion. Madrigal's counsel from the 1985 case, Sydney Glass, testified. The trial court concluded that Madrigal did not receive ineffective assistance of counsel. It denied Madrigal's motion. Madrigal appeals.

## DISCUSSION

Madrigal argues that the trial court erred in denying his motion to vacate the judgment and sentence. He asserts that counsel had a duty to inform him of the immigration consequences of the plea, yet failed to do so. The State contends that Madrigal's collateral attack is time barred.

Madrigal moved to vacate the judgment and sentence pursuant to CrR 7.8. CrR 7.8(b)(5) permits a trial court to relieve a party from a final judgment for any reason justifying relief. We review a trial court's denial of a CrR 7.8 motion for an abuse of discretion. State v. Martinez, 161 Wn. App. 436, 440, 253 P.3d 445

(2011). A trial court abuses its discretion when it bases its decision on untenable or unreasonable grounds. Id.

## I. Time Bar

A CrR 7.8 motion must be made within a reasonable time. CrR 7.8(b). RCW 10.73.090(1) provides that no motion for collateral attack on a judgment and sentence may be filed more than one year after the judgment was filed, if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction. But, this time limit does not apply to a motion where

> [t]here has been a significant change in the law, whether substantive or procedural, which is material to the conviction, sentence, or other order entered in a criminal or civil proceeding instituted by the state or local government, and either the legislature has expressly provided that the change in the law is to be applied retroactively, or a court, in interpreting a change in the law that lacks express legislative intent regarding retroactive application, determines that sufficient reasons exist to require retroactive application of the changed legal standard.

RCW 10.73.100(6).

The State contends that Madrigal's collateral attack on the judgment and sentence is time barred. It asserts that the exception in RCW 10.73.100(6) does not apply here, because Padilla v. Kentucky, 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010) is not a significant change in the law material to Madrigal's conviction.

In Padilla, the United States Supreme Court recognized that the constitutional guarantee of effective assistance of counsel requires counsel to inform a criminal defendant of potential immigration consequences of a guilty plea. Id. at 374. Since Padilla, Washington courts have addressed whether that rule

3

constitutes a significant change in the law for purposes of RCW 10.73.100(6). See, e.g., In re Pers. Restraint of Yung-Cheng Tsai, 183 Wn.2d 91, 103, 351 P.3d 138 (2015); In re the Pers. Restraint of Orantes, 197 Wn. App. 737, _____ P.3d _____ (2017). In Yung-Cheng Tsai, the Washington Supreme Court held that Padilla was a significant change in state law. 183 Wn.2d at 103.

In Orantes, we concluded that this significant change in the law was material to Orantes's conviction. 197 Wn. App. at 743. There, like here, the State contended that Padilla was not material to Orantes's conviction, because Washington courts previously accepted similar claims before Padilla. Id. The State asserted that Padilla changed the law with respect to nonadvice claims, but did not change the law for incorrect advice claims. Id. We disagreed, noting that Washington courts would have rejected Orantes's claim before Padilla. Id. at 743-44, 746. Therefore, the RCW 10.73.100(6) exception applied. Id. at 749.

Here, Madrigal alleges that he was not informed of the immigration consequences of his guilty plea. This type of claim would have been barred pre-Padilla. We conclude that Madrigal's claim is not time barred.

II.    Ineffective Assistance

Madrigal contends that the trial court erred in concluding that counsel's performance was not deficient. He asserts that counsel had an obligation to advise him of the immigration consequences of pleading guilty, and failed to do so. A claim of ineffective assistance of counsel presents a mixed question of law and fact reviewed de novo. Martinez, 161 Wn. App. at 441.

4

The Sixth Amendment right to effective assistance of counsel extends to the plea process. State v. Sandoval, 171 Wn.2d 163, 169, 249 P.3d 1015 (2011). Where counsel gives faulty advice, the defendant's guilty plea may be involuntary or unintelligent. Id. To establish ineffective assistance of counsel, the defendant must show both that counsel's performance was objectively unreasonable and that the defendant was prejudiced. Id. We presume counsel was effective. Martinez, 161 Wn. App. at 441.

Under Padilla, counsel's duty to provide effective assistance extends to advice about immigration consequences of a guilty plea. 559 U.S. at 364, 366. Where immigration consequences of a guilty plea are truly clear, counsel must correctly advise the defendant that pleading guilty would result in deportation. Id. at 368-69. But, where the law is not straightforward, counsel must provide only a general warning that the charges may carry a risk of adverse immigration consequences. Id. at 369. Both incorrect advice and the failure to give any advice can constitute ineffective assistance of counsel. Id. at 370-71.

Washington courts have followed Padilla to hold that counsel provided ineffective assistance by failing to correctly inform clients of the potential immigration consequences of a guilty plea. See, e.g., Sandoval, 171 Wn.2d at 174; Martinez, 161 Wn. App. at 442. Sandoval told his attorney that he did not want to plead guilty if it would result in deportation, and his attorney noted that Sandoval was very concerned about the possibility of deportation. Sandoval, 171 Wn.2d at 167. Yet, counsel advised Sandoval to plead guilty and assured him that he would have time to retain immigration counsel to ameliorate any immigration

consequences of the plea. Id. The Washington Supreme Court held that this advice constituted deficient performance. Id. at 174. Counsel's advice led Sandoval to believe that deportation was only a remote possibility. Id. at 173. Martinez claimed that counsel failed to inform him that his plea could have immigration consequences, and counsel admitted that he knew very little about immigration law. Martinez, 161 Wn. App. at 440. The Court of Appeals held that these facts showed that counsel did not warn Martinez of his certain eligibility for deportation. Id. at 442. Therefore, counsel's performance was deficient. Id.

Madrigal's declaration in support of his motion to vacate the judgment and sentence set out his alleged facts concerning the guilty plea. He alleged that he never really talked to his attorney except for the day that he pleaded guilty. Madrigal stated, "[Counsel] never told me that I could get deported for taking the guilty plea. Had I known the consequences` I would not have ple[a]d[ed] guilty to that charge." He further declared, "My attorney did not advise me of any relief from immigration deportation. He did not tell me to contact an immigration attorney before I ple[a]d[ed] guilty."

Madrigal's plea counsel, Glass, testified at the hearing on the motion. He testified that he used to work as a public defender in King County. He did not remember representing Madrigal specifically, but he did represent individuals who were undocumented. He recalled that his common practice was to inquire into a client's immigration status. But, he did not research any relevant immigration law, refer clients to an immigration attorney, or give a special warning regarding immigration consequences before proceeding with a client's guilty plea. The only

6

warning he would give clients was the information contained on the plea form. However, Glass confirmed that his common practice was to discuss the plea and consequences with the client, including the State's recommendation.

The plea form in this case contained a boilerplate warning: "I understand that if I am not a citizen of the United States, a plea of guilty to an offense punishable as a crime under state law is grounds for deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." And, the plea agreement contained a section acknowledging that Madrigal had been informed and understood the State's recommendations. This section listed the State's particular recommendations, which included deportation. The State's sentencing recommendations document also showed that the State was seeking deportation as part of Madrigal's sentence.

Here, counsel did not need to research immigration law to ascertain the likely immigration consequences of Madrigal's guilty plea. Deportation was an explicit recommendation from the State. This was conveyed to Madrigal in the plea agreement—not just in the boilerplate warning, but in a handwritten list of the State's recommendations. And, counsel confirmed that his common practice was to discuss the State's recommendation with a client. He further noted that an interpreter would have read the entire plea agreement to the client.

We conclude that Madrigal has not shown ineffective assistance of counsel. This case is unlike Sandoval or Martinez, where attorneys failed to correctly inform their clients of the immigration consequences of pleading guilty. Deportation was not merely a likely consequence of Madrigal's plea, but one explicitly sought by the

State. Counsel's standard practice was to review the State's recommendations with the client, which would have necessarily included discussing the potential for deportation in this case. Thus, counsel provided constitutionally competent assistance under <u>Padilla</u>. The trial court did not abuse its discretion in denying Madrigal's motion to vacate the judgment and sentence.

We affirm.

Applewick, J.

WE CONCUR:

Leach, J.

Spearman, J.