# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 51688-8-II |
| Respondent, | |
| v. | |
| MICHAEL LEE NOVCASKI, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, C.J. — Michael L. Novcaski appeals six of the community custody conditions imposed following his conviction for first degree child molestation.[1] Specifically, Novcaski argues (1) the condition allowing his community corrections officer (CCO) to direct plethysmograph examinations violates his constitutional right to be free from bodily intrusions; (2) the condition prohibiting him from possessing or pursuing any sexually explicit material is not crime-related or narrowly tailored, and is unconstitutionally vague and overbroad; (3) the condition prohibiting Novcaski's access to the internet, e-mail, or any social media sites is not crime-related or narrowly tailored; (4) the condition prohibiting him from entering sex-related businesses is not crime-related; (5) the condition prohibiting Novcaski's possession of drug paraphernalia or prescriptions except those issued by a "licensed physician" is not crime-related or statutorily

---

[1] We originally stayed this case pending a decision in *State v. Wallmuller*, 194 Wn.2d 234, 244-45, 449 P.3d 619 (2019). Since that opinion has now mandated, we grant Novcaski's motion to lift the stay.

authorized; and (6) the condition prohibiting him from loitering or frequenting places where children congregate is unconstitutionally vague. The State concedes that the community custody condition relating to plethysmograph examinations should be for treatment purposes only.

We accept the State's concession and hold that the sentencing court exceeded its authority by not limiting the community custody condition relating to plethysmograph examinations to treatment purposes only. We also hold that the community custody conditions relating to accessing the internet, e-mail, or any social media sites and prohibiting possession of drug paraphernalia or drugs not prescribed by a "licensed physician" are not crime-related. Further, we hold that the community custody condition relating to where children congregate is not unconstitutionally vague.

Therefore, we reverse the imposition of the community custody condition relating to plethysmograph examinations and remand for the sentencing court to either remove the condition from Novcaski's judgment and sentence or correct it to read that the plethysmograph testing is "for treatment purposes only." We also reverse the community custody conditions relating to accessing the internet, e-mail, or any social media sites; and prohibiting possession of drug paraphernalia or drugs not prescribed by a "licensed physician" and remand for the trial court to strike those conditions from Novcaski's judgment and sentence. Finally, we affirm the remaining community custody conditions.

FACTS

On December 13, 2017, the State charged Michael Novcaski with one count of first degree child molestation. The incident involved his niece, S.B. S.B. reported that in 2013, when she was

"6-7 years old," Novcaski pulled down his pants "and had her touch his penis with her hands and feet." Clerk's Papers (CP) at 36.

Novcaski pled guilty to the offense and stated in the plea agreement, "Between 6/1/13 and 9/30/13, being at least 36 months older than S.B. I had sexual contact with S.B., who was less than 12 years old and not married to me." CP at 31.

The trial court accepted Novcaski's guilty plea and sentenced him to a minimum confinement term of 75 months and a maximum term of life. The trial court also imposed lifetime community custody with the following conditions:

> (18) Submit to polygraph and plethysmograph examinations as directed by the CCO and show no deception.
> (19) Do not possess or pursue any sexually explicit material.
> (20) Do not access the internet, email, or any and all social media sites without permission from CCO and treatment provider.
> (21) Do not enter x-rated movies, peep shows, or adult book stores.
> (22) Do not purchase, possess, or use any illegal controlled substance, or drug paraphernalia without the written prescription of a licensed physician.
>
> . . . .
>
> (28) Do not loiter or frequent places where children congregate; including, but no [sic] limited to shopping malls, schools, playgrounds and video arcades.

CP at 62.

Novcaski appeals these conditions.

## ANALYSIS

Novcaski alleges the sentencing court erred in imposing community custody condition 18 relating to plethysmograph examinations because it violates his constitutional right to be free from bodily intrusions; condition 19 relating to possessing or pursuing sexually explicit materials because it is not crime-related or narrowly tailored, and is unconstitutionally vague and overbroad;

condition 20 relating to accessing the internet, email, or any and all social media because it is not crime-related or narrowly tailored; condition 21 relating to x-rated movies, peep shows, or adult book stores because it is not crime-related; condition 22 relating to purchasing, possessing, or using any drug paraphernalia or drug not prescribed by a "licensed physician" because it is not crime-related or statutorily authorized; and condition 28 relating to loitering or frequenting places where children congregate because it is unconstitutionally vague. The State concedes condition 18 should be reworded to reflect that plethysmograph examinations are for treatment purposes only.

We agree with Novcaski that the trial court erred in imposing community custody condition 18. We also agree with Novcaski that conditions 20 and 22 are not crime-related, but we disagree with Novcaski's other allegations.[2]

A. STANDARD OF REVIEW

A sentencing court can only impose community custody conditions authorized by statute. *State v. Kolesnik*, 146 Wn. App. 790, 806, 192 P.3d 937 (2008), *review denied*, 165 Wn.2d 1050 (2009). We review de novo whether the sentencing court had the statutory authority to impose a sentencing condition. *State v. Armendariz*, 160 Wn.2d 106, 110, 156 P.3d 201 (2007). If the sentencing court had statutory authority, we review the court's decision to impose the condition for an abuse of discretion. *Id.* An abuse of discretion occurs when a trial court's imposition of a

---

[2] Novcaski also contends that the State did not adequately address his assignments of error and asks this court to treat the State's response as a concession on all issues. Although the State somewhat misconstrues Novcaski's arguments, its brief is a sufficient response to Novcaski's brief under RAP 10.3(b), and we do not construe the State's response as a concession on any issue.

condition is manifestly unreasonable. *State v. Nguyen*, 191 Wn.2d 671, 678, 425 P.3d 847 (2018). The imposition of an unconstitutional condition is manifestly unreasonable. *Id.*

B.    LEGAL PRINCIPLES

Due process precludes the enforcement of vague laws, including sentencing conditions. *State v. Bahl*, 164 Wn.2d 739, 752-53, 193 P.3d 678 (2008); *State v. Irwin*, 191 Wn. App. 644, 652, 364 P.3d 830 (2015). A community custody condition is unconstitutionally vague if the condition does not define the prohibited conduct with sufficient definiteness that ordinary people can understand what conduct is proscribed or if the condition does not provide ascertainable standards of guilt to protect against arbitrary enforcement. *Bahl*, 164 Wn.2d at 752-53. If the condition fails either prong of the vagueness analysis, the condition is void for vagueness. *Id.* at 753. A condition is not vague, however, merely because a person cannot predict with complete certainty the exact point at which his or her actions would be classified as prohibited conduct. *State v. Valencia*, 169 Wn.2d 782, 793, 239 P.3d 1059 (2010). "[A]ll that is required is that the proscribed conduct is sufficiently definite in the eyes of an ordinary person." *Nguyen*, 191 Wn.2d at 682.

RCW 9.94A.703(3) authorizes a sentencing court to impose discretionary conditions. The sentencing court may order an offender to:

> (a) Remain within, or outside of, a specified geographical boundary;
> (b) Refrain from direct or indirect contact with the victim of the crime or a specified class of individuals;
> (c) Participate in crime-related treatment or counseling services;
> (d) Participate in rehabilitative programs or otherwise perform affirmative conduct reasonably related to the circumstances of the offense, the offender's risk of reoffending, or the safety of the community;
>
> . . . .

(f) Comply with any crime-related prohibitions.

RCW 9.94A.703(3).

A crime-related prohibition is one that is related to the circumstances of the crime for which the offender is being sentenced. RCW 9.94A.030(10). Crime-related prohibitions must be directly or reasonably related to the circumstances of the offense. *Nguyen*, 191 Wn.2d at 683-84. "The prohibited conduct need not be identical to the crime of conviction, but there must be 'some basis for the connection.'" *Id.* at 684 (quoting *Irwin*, 191 Wn. App. at 657). If we determine a sentencing court imposed an unauthorized condition on community custody, we remedy the error by remanding to the sentencing court with instruction to strike the unauthorized condition. *State v. Padilla*, 190 Wn.2d 672, 683, 416 P.3d 712 (2018).

C.    CONDITION 18 - PLETHYSMOGRAPH TESTING

Novcaski first argues that condition 18 which allows his CCO to direct plethysmograph examinations violates his constitutional right to be free from bodily intrusions. We agree.

"Plethysmograph testing is extremely intrusive." *State v. Land*, 172 Wn. App. 593, 605, 295 P.3d 782, *review denied*, 177 Wn.2d 1016 (2013). It cannot be used "as a routine monitoring tool subject only to the discretion of a community corrections officer." *Id.* But the testing can be ordered if its purpose is "incident to crime-related treatment by a qualified provider." *Id.* (citing *State v. Castro*, 141 Wn. App. 485, 494, 170 P.3d 78 (2007)).

The State concedes that the language of condition 18 should have specified that plethysmograph testing is for treatment purposes only. We accept the State's concession, and

remand for the sentencing court to either remove the condition or correct it to read that the plethysmograph testing is "for treatment purposes only."

D.      CONDITION 19 - SEXUALLY EXPLICIT MATERIALS

Novcaski next argues that condition 19 prohibiting him from possessing or pursuing any sexually explicit material is not crime-related or narrowly tailored and is unconstitutionally vague and overbroad.  We disagree.

In *State v. Nguyen*, the Supreme Court upheld similar conditions for two defendants who were convicted of similar crimes.  191 Wn.2d at 684.  The court held, "It is both logical and reasonable to conclude that a convicted person who cannot suppress sexual urges should be prohibited from accessing 'sexually explicit materials,' the only purpose of which is to invoke sexual stimulation." *Id.* at 686.  The Supreme Court held that the provision was crime-related and "not unconstitutionally vague." *Id.* at 687.

In his reply brief, Novcaski acknowledges our Supreme Court's decision in *Nguyen*, but continues to argue that condition 19 is not crime-related and is unconstitutionally vague.  We, however, follow the precedent of our Supreme Court and decline to address the issue further. *State v. Winborne*, 4 Wn. App. 2d 147, 175, 420 P.3d 707 (2018).

Novcaski also argues that the court in *Nguyen* did not address whether the prohibition against sexually explicit materials is overbroad.  When considering whether a community custody condition is overbroad, we focus on whether the condition is crime-related. *See State v. McKee,* 141 Wn. App. 22, 37, 167 P.3d 575 (2007) ("[A]n offender's constitutional rights during community placement are subject to SRA-authorized infringements, including crime-related prohibitions."), *review denied*, 163 Wn.2d 1049 (2008).

As discussed above, the condition prohibiting possessing or pursuing sexually explicit materials is related to first degree child molestation because the crime involves a defendant "who cannot suppress sexual urges [and] should be prohibited from accessing 'sexually explicit materials,' the only purpose of which is to invoke sexual stimulation." *Nguyen*, 191 Wn.2d at 686. Therefore, Novcaski's claim fails.

E.      CONDITION 20 - INTERNET, EMAIL, OR SOCIAL MEDIA

Novcaski next contends that the condition prohibiting his access to the internet, e-mail, or any social media sites is not crime-related or narrowly tailored. We agree.

Internet use is crime-related if there is evidence that internet use "contributed in any way to the crime." *State v. O'Cain,* 144 Wn. App. 772, 775, 184 P.3d 1262 (2008). Here, there was no evidence that internet use, including emails or any social media sites, contributed in any way to Novcaski's offense. Therefore, this condition is not crime-related.[3] We remand for the sentencing court to strike this condition.

F.      CONDITION 21 - SEX-RELATED BUSINESSES

Novcaski next contends that the condition prohibiting him from entering sex-related businesses is not crime-related. We disagree.

Novcaski pled guilty to first degree child molestation. First degree child molestation is a sex offense. RCW 9.94A.030(48)(a)(i); RCW 9A.44.083. Commission of a sex offense establishes an inability to control sexual urges. *Nguyen*, 191 Wn.2d at 686. A sentencing court

---

[3] Since we conclude that condition 20 was not crime-related, we need not reach the issue of whether it was narrowly tailored. *See State v. Young*, 152 Wn. App. 186, 188 n.3, 216 P.3d 449 (2009) (courts need not reach additional issues when holding on other grounds is dispositive).

may impose a condition prohibiting the defendant from entering sex-related businesses when the crime of conviction was child molestation. *Id.* at 687. The *Nguyen* court approved this condition, clarifying that "this condition has more to do with [the defendant's] inability to control her urges and impulsivities than it does with the specific facts of [the] crimes." *Id.* Accordingly, Novcaski's claim fails.

G.      CONDITION 22 - DRUG PARAPHERNALIA OR DRUGS FROM A "LICENSED PHYSICIAN"

Novcaski contends that the condition prohibiting him from possessing drug paraphernalia or drugs not prescribed by a licensed physician is not crime-related or statutorily authorized. We agree.

As discussed above, a crime-related prohibition must be related to the circumstances of the crime for which the offender is being sentenced. RCW 9.94A.030(10). Here, the State presented no evidence or argument that drug use or possession of drug paraphernalia bore any relation to Novcaski's offense. Because "there is no evidence in the record linking the circumstances of the crime to the condition," we instruct the sentencing court on remand to strike the challenged condition. *Padilla*, 190 Wn.2d at 683; *see also State v. Sage*, 1 Wn. App. 2d 685, 706-07, 407 P.3d 359 (2017) (condition prohibiting possession of drug paraphernalia is insufficiently crime-related to second degree rape of a child and thus should be stricken on remand), *review denied*, 191 Wn.2d 1007 (2018), and *cert. denied* 139 S. Ct. 1267, 284 (2019).

We also note that the language prescribed by a "licensed physician" is also problematic. CP at 62. As discussed above, a proper community custody condition must be authorized by the legislature because it is solely the legislature's province to fix legal punishments. *State v. Kolesnik*, 146 Wn. App. 790, 806, 192 P.3d 937 (2008), *review denied*, 165 Wn.2d 1050 (2009). RCW

9.94A.703(2)(c) establishes a waivable condition that prohibits the consumption or possession of controlled substances except pursuant to lawfully issued prescriptions. Such prescriptions can be lawfully issued by registered nurses, advanced registered nurse practitioners, osteopathic physician assistants, and physician assistants. RCW 69.41.030. There is no statutory authority to limit medications to those prescribed by licensed physicians only, as the sentencing court imposed here. Therefore, we remand for the sentencing court to strike this condition.

H.    CONDITION 28 - WHERE CHILDREN CONGREGATE

Novcaski lastly takes issue with the condition prohibiting him from loitering or frequenting places where children congregate, arguing it is unconstitutionally vague. We disagree.

Here, the sentencing court ordered Novcaski to "not loiter or frequent places where children congregate; including, but no [sic] limited to shopping malls, schools, playgrounds and video arcades." CP at 62. In *State v. Wallmuller*, 194 Wn.2d 234, 245, 449 P.3d 619 (2019), our Supreme Court recently held that a similar condition, containing a nonexhaustive illustrative list of prohibited areas, was constitutional because it illustrated the scope of the restriction in a way that an ordinary person could understand. Like the condition at issue in *Wallmuller*, Novcaski's condition 28 contains a nonexclusive list that clarifies areas where children's activities regularly occur. By providing such a list, an ordinary person can understand the scope of the prohibited conduct. Thus, we reject Novcaski's argument that the condition is unconstitutionally vague.

CONCLUSION

We reverse the imposition of the community custody condition relating to plethysmograph examinations and remand for the sentencing court to either remove the condition from Novcaski's judgment and sentence or correct it to read that the plethysmograph testing is "for treatment

10

purposes only." We also reverse the community custody conditions relating to accessing the internet, e-mail, or any social media sites; and prohibiting possession of drug paraphernalia or drugs not prescribed by a licensed physician and remand to the trial court to strike those conditions from Novcaski's judgment and sentence. We affirm the remaining community custody conditions.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, C.J.

We concur:

Worswick, J.

Cruser, J.